## McNear v. McComber *et al.*

1. **Warranty:** INTEREST. In a judgment for damages for partial breach of covenant in a deed conveying real estate, interest may be allowed upon the value of the property to which the title has failed.

2. **Covenants:** GRANT. Where a deed *conveys certain real estate, describing it,* and declaring that the grantor means thereby only to convey his right, title and interest in the premises, followed with a general warranty of title, a breach of the covenant occurs upon a failure of the title to, and an eviction from, the premises.

3. —— But when the grant is only of the right, title and interest of the grantor in the estate sold and conveyed, a general covenant of warranty is limited to the interest of the grantor, and a failure of such title and eviction does not constitute a breach of warranty.

4. —— CONSTRUCTION OF DEED. The granting clause in a deed was in the words following: "Do hereby sell and convey unto said Matthew McNear, the following premises, to wit: all our right, title and interest in and to lot number ninety-six· in the city of Dubuque.". *It was held* equivalent to a grant only of the right, title and interest of the grantor in and to the premises, and that the general covenant of warranty was limited to that interest.

5. **Deed:** WRITTEN AND PRINTED. Where the granting clause in a deed is in writing, and the general covenants are printed, the former will govern when the two are inconsistent.

*Appeal from Dubuque District Court.*

THURSDAY, DECEMBER 15.

THE defendants sold plaintiff's lot 96 in the city of Dubuque, for the consideration of $1,500. The title to the north twenty feet of said lot failed, and the plaintiff was

evicted.   He institutes this suit to recover damages for the breach of the warranty in his deed; the granting clause and warranty of which are in these words, viz.:   The defendants "do hereby sell and convey unto said Matthew McNear the following premises, to wit, all our right, title and interest in and to lot number ninety-six, in the city of Dubuque, State of Iowa, according to the government plat of said city.   And we do hereby covenant with the said Matthew McNear, that we are lawfully seised of said premises; that they are free from incumbrance; that we have good right and lawful authority to sell and convey said premises, and we do hereby covenant to warrant and defend said premises, subject to a lien given by us to Horatio Waldo and Harry Barnes, February 21st, 1854, against the lawful claims of all persons whomsoever."

The trial resulted in a verdict and judgment for the plaintiff in the sum of $    .   The defendants in appealing assign two errors.   First, in allowing interest to be computed on the value of the twenty feet of said lot, by the jury.   And secondly, in refusing to give, at the request of the defendants, the two following instructions:

1. Where the grant in a deed is of all the right, title and interest of the grantor, and followed by general and unlimited covenants of warranty, the covenants are limited to the right and title of the grantor, whatever that may be.

2. If the jury believe, from the evidence, that Charlotte and Egbert McComber conveyed to the plaintiff only their right, title and interest in and to lot No. 96, in the city of Dubuque, then, and in that case, the failure of title to the north twenty feet of said lot is no breach of the warranty in said deed, though said warranty be in general terms, and the plaintiff is not entitled to recover.

*O'Neill* for the appellants.

*Bissell & Shiras* for the appellee.

LOWE, J. — The disposition which we shall make of this case, on the second assignment, renders it unnecessary for us to pass specially upon the first, further than to say, its settlement below corresponds with the ruling of this court in the case of *Brandt* v. *Foster et al.*, ·5 Iowa, 295, 298, and for the present we shall leave it as there determined.

1. WARRAN- TY; inter- est.

The second is the important question, that is, whether the court erred in refusing the above instructions. This depends more upon the construction which is to be given to the granting clause of the deed offered in evidence, than the principles of law usually applicable to cases of this kind. Indeed, the chief difficulty lies in arriving at a just conclusion of the import and meaning of the grant. Does it convey lot 96 to the plaintiff, or does it convey only the right, title and interest of the defendants in said lot? If the former, the law of the case is with the plaintiff; if the latter, then it is with the defendants. We say, in the contingency first above supposed, that the law would be with the plaintiff. We understand the general doctrine on this subject, as settled in the text-books and recognized by the current of authorities, to be as follows: That when the grant is of certain real estate, describing it, even although it is accompanied with the explanation that the grantor means thereby only to convey his right, title and interest in the premises, followed with a general warranty of title, a breach of the latter covenant occurs upon the failure of the title to, and eviction from the same. But when the grant is simply of the right, title and interest of the estate sold and conveyed, it passes no other estate or interest than what the party possessed at the time, that is to say the covenant of warranty does not have the effect to enlarge the estate granted, but is qualified and limited to just what interest the grantor had in the premises. A failure of such a title and evic-

2. COVE- NANTS; grant.

tion do not constitute a breach of the warranty. Rawle on Covenants of Title, 524 to 533, and notes, 3d ed.; *Sweet* v. *Brown*, 12 Metc., 175; *Blanchard* v. *Brooks. et al.*, 12 Pick., 47; *Allen* v. *Holten*, 20 Id., 463.

   II. Assuming this to be a correct statement of the law applicable to such cases, the question still remains, to which *4. —— construction of deed.* class of grants the conveyance before us belongs. The meaning of the granting clause is somewhat obscure, and must receive a construction. It is expressed in this language: "Do hereby sell and convey unto said Matthew McNear the following premises, to wit: All our right, title and interest in and to lot No. 96, in the city of Dubuque," &c. Do these words convey the property itself, or only the grantor's interest and right therein? The plaintiff claims the former, the defendants the latter. If lot 96 had been named or described immediately after the words, "*following premises,*" the plaintiff would be clearly right; or if they had followed the words, "all our right, title and interest," immediately preceding the description of the property, then, we suppose, according to our understanding of the law, the defendants would be right. What then is the legal effect of these words, in the relative position they occupy in the granting clause of the deed aforesaid? Standing alone, they import but little; they describe no property; nothing is conveyed by them. They simply serve to point to the property intended to be described, but the description of which follows certain other restraining and qualifying words, namely: "*All our right, title and interest in and to lot No. 96, in the city, of Dubuque,*" the almost necessary effect of which is to limit and define the extent of the interest intended to be conveyed. In other words, we suppose that when such qualifying terms precede and form a part of the legal description of the property, the necessary effect thereof is to limit the estate granted to just the interest which the grantor had in the

premises at the time. And hence, as we have seen, the covenant of warranty can have no application beyond the right and title of the grantor, whatever that might be. This construction of the grant, it seems to us, is the most obvious, and justified by the most natural import of the words, especially in the connection in which they are employed. Nor can we be persuaded, ourselves, that the use of those other words, "*the following premises,*" in the relation which they bear to the whole granting clause, should have the effect to change or vary the above construction. We are not unmindful of the fact that when the rights of the grantee, under his covenants, are sought to be abridged, because of the limited estate conveyed, that a clear case of such a qualified conveyance should be made out. Nor would we be unmindful of the rule, that where a doubt arises as to the quantity of land or interest conveyed, the deed should be construed most strongly against the grantor. Still, in construing grants, these rules may not be followed, when the effect to do so is to wrest the words of the grant from their ordinary acceptation and usual grammatical construction; for, by keeping close to them, we are most likely to arrive at and appreciate the real intentions of the parties. But one of the arguments, possessing both reason and plausibility, against this view of the subject is, that the same is in conflict with other parts of the deed, namely, the covenants of seizin and title, &c., from which it is said the inference may be drawn that something more than simply the right, title and interest of the grantor was conveyed, otherwise those covenants 5. DEED: would not be in the deed. Yet, whatever doubts written and printed. have arisen in the minds of two members of this court (Justices DILLON and COLE) from this phase of the question, they are so far removed by the manner in which the original deed was made, that they are willing to unite with the other members of the court, in reversing the case.

Sec. 3993 of the Revision, which is the same as § 2400 of the Code of 1851, says: "When an instrument consists partly of written and partly of printed form, the former controls the latter when the two are inconsistent." Now, the original deed between the parties is before us, and we find that whilst the granting clause of the deed is in writing, the covenant to warrant and defend the title is printed. If, therefore, the alleged inconsistency between the several parts of the deed has any foundation in law, it is obviated by the above section of the statute, and the writing must prevail over the printed parts of the deed.

Assuming, therefore, that we are right in our interpretation of the above grant, and the effect which such interpretation has upon the rights of the plaintiff in this case, it follows that the court erred in refusing to give to the jury the instructions aforesaid, and as such the case will be reversed and the cause remanded.

Reversed.