130   523
f133    8

CATHARINE L. RICHEY, Appellant, v. EVAN ROWLAND,
SHERIFF, ET AL., Appellees.

**Pleading:** CONTRACTS: INVALIDITY.  One who affirmatively pleads a
particular contract, upon the invalidity of which he predicates
a right, must also allege the facts relied upon as rendering the
contract invalid.

*Appeal from Johnson District Court.*— HON. O. A. BYING-
TON, Judge.

FRIDAY, MAY 11, 1906.

ACTION in equity to enjoin a sale of real estate under
execution.   To the answer of defendants the plaintiff filed a
demurrer, which being overruled she elected to stand upon
the ruling, and from a judgment dismissing her petition and
for costs she appeals.— *Reversed.*

*M. J. Wade,* for appellant.

*Geo. A. Ewing, S. H. Fairall,* and *W. J. McDonald,* for
appellees.

Bishop, J.— The petition describes the property, and it is alleged that plaintiff is the owner of an undivided interest therein; that the defendant as sheriff of Johnson county having executions in his hands running against Lucy R. Porter, has levied upon, and is about to sell said interest, claiming that the same in fact belongs to and is the property of said Lucy R. Porter. The defendant answered, admitting his levy of execution upon the property in question as the property of Lucy R. Porter; and denying that plaintiff has any interest in said property superior to the lien of the judgment upon which the execution in his hands is bottomed. It is then alleged that said judgment was entered in March, 1903; that in October, 1904, said Lucy R. Porter, the daughter and an heir at law of Newton B. Richey, of Johnson county, and plaintiff, caused to be prepared, and there was signed by said Lucy R. Porter an instrument in writing as follows: " For value received I hereby assign, set over, and convey to Catharine L. Richey all of my expectancy in the estate of my father, Newton B. Richey, hereby authorizing and empowering the said Catharine L. Richey, to accept, and receive, and receipt any and all right and title or interest of mine in said estate which may hereafter accrue to me by virtue of my being an heir of the said Newton B. Richey, and I hereby authorize the executor or administrator of said estate to turn over to the said Catharine L. Richey all of my distributive share therein." It is then alleged that said Newton B. Richey died in said county on January 10, 1905, intestate, and that he was survived by said Lucy R. Porter; that the latter at once became vested with an undivided interest in said real estate, upon which interest said judgment became a lien; that the assignment set out under which alone plaintiff claims conveyed no right, title, or interest to her; and that she took nothing thereby which can be asserted as against such superior judgment lien.

The demurrer by which the answer was attacked was

put upon the following grounds: (1) The answer admits the assignment to plaintiff before the judgment became a lien, and there is no claim that the same was not for a valid consideration, or that the same was in fraud of creditors, or in any other way void or voidable; (2) the answer makes it appear that plaintiff is now and has been, ever since the death of Newton B. Richey, the owner of any interest in the estate of said Richey which, but for the assignment to plain-tiff, would have gone to Lucy R. Porter. It will be observed that the petition goes no farther than to assert title in plaintiff without specification as to the source thereof. The answer undertakes to describe and measure the right or interest which plaintiff claims in the property. Now the effect of the demurrer is to admit that the sole source of plaintiff's right and interest is as stated in the answer. We have then as the question in the case, and in its last analysis it is one of pleadings, is a complete defense presented by an answer the averments of which go no farther than to assert that the perfect title pleaded in the petition is based solely upon the transfer or assignment of the expectancy of an heir apparent in the estate of his ancestor.

It is generally recognized that at common law such transfers or assignments are of no validity. But by the great weight of authority it is within the jurisdiction of courts of equity to enforce such contracts after the death of the ancestor. *Mally v. Mally,* 121 Iowa, 169; 4 Cyc. 15, and cases in note. It cannot be said therefore that such contracts are void upon their face. According to the rule of the cases they may be avoided by one entitled to sue when not based upon an adequate consideration, or if wanting in *bona fides.* And in many of the states it has been held that the consent or acquiescence of the ancestor is essential to validity. This latter phase of the subject was broached in Mally v. Mally, *supra,* but no pronouncement was made. It is to be remembered that the controversy presently before us is not between the assignor and the assignee — the question

arises between the assignee and a creditor of the assignor. Now, without doubt, and pursuant to a rule well settled in equity, a contract of assignment of the sort in question in common with all other transfers of property rights or interests may be made the subject of challenge at the suit of a creditor on the ground of insolvency on the part of the assignor coupled with an intent to hinder and delay or defraud. But as such contracts in equity are voidable only, it would seem to follow that one who, pleading affirmatively as to the existence of a particular contract, predicates a right upon the invalidity thereof should be held to the requirement of including in his pleading all the facts upon which invalidity depends. The case is then within the rule that " A defendant, in order to avail himself of facts not appearing on the face of a contract to establish its invalidity, must plead them." 1 Ency. Pleading & Practice, 844, and cases in note. The foregoing considerations lead to the conclusion that the demurrer to the answer should have been sustained.

Accordingly the judgment is reversed, and the cause ordered remanded to the court below for an order to be entered in harmony with the conclusion above expressed, and for further proceedings according to law.— *Reversed.*