SHEPHERD W. BETTS, Appellee v. T. A. HARDING, ET AL.,
Appellants.

Estates of decedents: CONVEYANCE OF INTEREST BY HEIRS. The heir
of one dying intestate may, in good faith and for a valuable
consideration, make a valid conveyance of his interest in the
homestead of intestate, including his expectancy as heir of
the widow continuing in the occupancy, without application to
set off her distributive share or to fix her homestead rights.

*Appeal from Polk District Court.*— HON W. H. MCHENRY,
Judge.

. WEDNESDAY, DECEMBER 12, 1906.

ACTION in equity for an injunction and to quiet title
to real estate. From a decree in favor of plaintiff, the de-
fendant Harding appeals.— *Affirmed.*

*Clark & McLaughlin,* for appellant.

*Dale & Harvison,* for appellee.

BISHOP, J.— Jeremiah J. Betts died January 28, 1898, intestate, seised of the entirety of the real estate in Polk county, an undivided portion of which is in controversy in this action. He left surviving him his widow, Elizabeth Betts, and six children, of whom the plaintiff was one, and a married daughter, Hannah E. Sharp, another. The property described in the petition embraced the homestead of the Betts family, and, after the death of Jeremiah, his widow continued in the occupancy thereof. No application was ever made by her or on her behalf to have her distributive share set off, or to have her homestead rights fixed and established. With the property condition remaining thus, she died March 17, 1901, also intestate. On January 29, 1901, the said Hannah E. Sharp sold and conveyed by warranty deed to plaintiff her undivided interest in all said real estate, including her expectancy interest as a probable heir of her mother. That this conveyance was made in good faith and for an adequate consideration is not questioned. It was not, however, known to, and acquiesced in, by Elizabeth Betts. On March 19, 1901, the defendant Harding obtained judgment in the district court of Polk county against Hannah E. Sharp, and, in September following, an execution was issued on such judgment and thereunder the sheriff of said county levied on the real estate in question. This action was brought to enjoin a sale under such levy, and for a decree quieting title as against said judgment.

To defeat the action, defendant relies wholly upon the invalidity of the deed to plaintiff so far as the same relates to the inheritable interest in the property of Mrs. Sharp as an heir of her mother. This, of course, upon the theory that, as such interest was no more than a mere expectancy, it was not capable of being made the subject of a valid sale and conveyance. The court below refused to accept of this contention as sound, and rightly so. In the recent case of *Richey v. Rowland,* 130 Iowa, 523, a case in its facts on all fours with the instant case — we held that a deed thus ex-

ecuted is not void.  It may be enforced in equity if dominated by good faith and based on a sufficient consideration. Following the rule of that case, the decree here appealed from must be, and it is, *affirmed.*