FRANK RICHEY, Appellee, v. CLIFTON RICHEY et al., Appellees; J. L. WITMER, Intervener, Appellant.

**ASSIGNMENTS:** Expectancy—Inadequate Consideration. An assignment by a prospective heir of his expectancy (which was a practical certainty) for 14½ per cent of its then value, is against equity and good conscience, and voidable.

*Appeal from Jasper District Court.*—D. W. HAMILTON, Judge.

NOVEMBER 16, 1920.

ACTION to partition real estate. The facts are stated in the opinion. Trial was had upon the issues presented by appellant and intervener. Decree adverse to his contention, and he appeals.—*Affirmed.*

*E. J. Salmon* and *J. L. Witmer,* for appellant.

*C. O. McLain,* for appellees.

STEVENS, J.—Caroline Richey, a resident of Newton,

Jasper County, Iowa, died February 3, 1917, intestate, seized of the following named real estate, to wit: the south half of the southeast quarter of Section 26; the northwest quarter of the northeast quarter of Section 35, and the north 15 acres of the northeast quarter of the northeast quarter of Section 35, all in Township 80 north, Range 21 west of the 5th P. M. Shortly thereafter, a suit was commenced in equity for the partition thereof. Upon hearing, the court found that Clifton Richey, a son, and appellee herein, was the owner of an undivided one-fourth interest therein, subject to certain claims of creditors and of J. L. Witmer, appellant and intervener herein. Referees were appointed, and the land sold. The case comes to this court upon the issues presented by the petition in intervention, in which intervener alleged that, on March 30, 1906, Clifton Richey, by an instrument in writing, sold, assigned, and conveyed all his future interest as heir at law in the property, real and personal, of Caroline Richey. This instrument, omitting the formal acknowledgment, is as follows:

"Know all men by these presents that I, Clifford Richey, unmarried, of Fort Collins, Larimer County, Colorado, in consideration of four hundred thirty-five and no-100 dollars, in hand paid by J. L. Witmer of Des Moines, Polk County, Iowa, the receipt of which is hereby acknowledged, do hereby sell, assign, transfer, convey and set over to said J. L. Witmer, his heirs or assigns, all my right, title and interest in and to the estate of Caroline Richey, as an heir at law of said Caroline Richey, whether it be real, personal or mixed, hereby covenanting with the said J. L. Witmer, his heirs or assigns, that I have not heretofore sold, assigned or transferred or in any manner incumbered, or placed liens upon said estate. And I hereby authorize the executor or administrator of the estate of said Caroline Richey, whoever he may be, to deliver and turn over to said J. L. Witmer, his heirs or assigns, any and all property, whether it be real, personal or mixed, which may be coming to him as an heir at law of said Caroline Richey, taking a receipt therefor, which said receipt shall have the

same force and effect, both at law and equity, as though I had signed it with my own hand. I hereby certify that I am an unmarried man. Witness my hand this 30th day of March, A. D., 1906."

The petition alleged that said assignment was fairly made upon a valid consideration, and that, by virtue thereof, he became and is the owner of an undivided one-fourth interest in said property, and, therefore, asked that his said interest be established and confirmed by the court. Clifton Richey, for answer to the petition of intervention, admitted the execution of the above-written instrument, but alleged that, at the time he executed the same, he was in straitened financial circumstances; that this was known to the intervener; that the land, at the time, was worth between $3,000 and $4,000, and, at the time of the trial of the partition suit, $8,000; and that the consideration paid, which was $435, was inadequate, oppressive, and unconscionable. He further alleged that the said written instrument was intended as a mortgage, to secure an indebtedness for the amount named, and not as an assignment of his expectancy as heir at law in the estate of Mrs. Richey; and that same was barred by the statute of limitations. At the time of the execution of the assignment set out above, intervener executed and delivered to Richey another instrument, granting him an option to repurchase his interest in the estate for $435, with interest at 8 per cent from March 29, 1906, at any time on or prior to December 29, 1906, making time the essence thereof. The court found that the alleged assignment was, in effect, a mortgage, and not an absolute conveyance, and that there should be deducted from Richey's share of the proceeds of the sale of the land the sum of $435, with interest thereon at 8 per cent from March 29, 1906, amounting to $913.50, and that same be paid to intervener in full of his interest therein. Clifton Richey has not appealed. Therefore, except in so far as the decree adjudging that the alleged assignment was, in effect, a mortgage is inconsistent with the claim of intervener, it is not involved herein.

The rule in this state is that an assignment of a naked possibility or expectancy of an heir to an estate, if in good faith and for an adequate consideration, is valid, and will be upheld in equity. *Mally v. Mally,* 121 Iowa 169; *Jones v. Jones,* 46 Iowa 466; *Richey v. Rowland,* 130 Iowa 523, 525; *Betts v. Harding,* 133 Iowa 7; *Edler v. Frazier,* 174 Iowa 47.

It is stipulated by the parties that the market value of an undivided one-fourth interest in the land in controversy at the time of the execution of the alleged written assignment was $3,000, and it appears from the evidence that, at the time of the trial of the partition suit, it was about $7,000. No evidence of actual fraud on the part of the intervener appears in the record. The assignment was made at the solicitation of a brother, and there is a suggestion in the record that Clifton Richey was in financial distress, and in great need of money; but no proof to this effect was introduced. The consideration paid by intervener was but 14.5 per cent of the agreed market value of the land. Mrs. Richey was, at the time, insane, and her property was being managed by a guardian. It must, therefore, have been quite apparent to intervener that she would not be able to dispose of the land by will, and that about the only hazard involved was that Mrs. Richey might survive for many years, and that some part of the property would be required for her support. She lived 11 years. The record does not show whether she was possessed of personal property or not, or whether the income from the real estate was used for her maintenance. If the rule stated in 2 Pomeroy on Equity Jurisprudence (4th Ed.), Section 953, that, in transactions of this character, the fair market value of the property, and not the value as shown by the life tables, is to be considered, the consideration paid was clearly inadequate, so much so as to be unconscionable. The assignment was not void, but voidable. Agreements whereby prospective heirs seek to dispose of their expectancy or future interest in property are not favored, and will always be scrutinized with care. The value of the

property was wholly out of proportion to the consideration paid. The contract is in itself unfair. As stated, the court below decreed that the original consideration, with interest, be deducted from the proceeds of the sale belonging to Clifton Richey, and paid to intervener. This is in harmony with the general rule in such cases; is fair, just, and equitable; and should be and is—*Affirmed.*

WEAVER, C. J., LADD and ARTHUR, JJ., concur.