AVON STATE BANK et al, Respondents, v. COMMERCIAL & SAVINGS BANK et al, Appellants.

(207 N. W. 654.)

(File No. 5972. Opinion filed March 12, 1926.)

1. **Mortgages—Deeds—Mortgage by Prospective Heir Containing Warranty, But Using Language of Quitclaim Deed to Describe the Property, Held Void and Not to Mortgage Lands of Ancestor (Rev. Code 1919 Secs. 542,555, subd. 4, and Sec. 1551).**

    Mortgage by prospective heir, containing warranty, but describing the property as "all my undivided right, title, claim, and interest" in lands of ancestor, was void, language used, which is same as that of quitclaim deed, not transferring after-acquired title unless words expressing such intention be added, in view of Rev. Code 1919; Sec. 542, nothwithstanding Sec. 1551 and Sec. 555, subd. 4, providing that after-acquired title may inure to grantee or mortgagee.

2. **Mortgages—No Heirs of the Living.**

    Son of living father has no interest in father's lands, and therefore cannot mortgage them, in view of Rev. Code 1919, Secs. 285, 520.

3. **Assignments—Deeds.**

    Mere expectancy, not coupled with an interest, cannot be sold or assigned.

4. **Descent and Distribution.**

    Living father has no heirs.

5. **Covenants—Deeds.**

    Son of living father, by warranty in mortgage of father's lands, warranted nothing, since he had no interest therein.

6. **Estoppel—Mortgages.**

    A prospective heir, executing mortgage on lands of living father, not clearly expressing intention to cover after-acquired title, was not estopped to deny the mortgage.

Appeal from Circuit Court, Bon Homme County; Hon. R. B. TRIPP, Judge.

Action by the Avon State Bank and others against the Commercial & Savings Bank and others. From a judgment for the plaintiff, defendant appeals. Reversed.

*S. K. Grigsby* and *Davis, Lyon & Bradford,* all of Sioux Falls, for Appellant.

*Scoblic & Strand,* of Tyndall, for Respondent.

(1)  To point one of the opinion, Respondent cited:  Flanders v. French, 20 S. D. 316.

(3)  To point three, Appellant cited:  In re Thompson's Estate, 26 S. D. 576.

(6)  To point six, Respondent cited:  Adam et al v. McClintock, 131 N. W. 394.

MISER, Circuit Judge.  This action was brought by respondent to foreclose a real estate mortgage on certain lands owned by Abraham T. Schultz, in Bon Homme county, S. D.  The mortgage was given by his son, Tobias, six days before his father's death, to secure the payment of a note for $5,000 of even date witih the mortgage, which note was given in payment of a prior indebtedness to respondent.  It contained a warranty that:

"He is the owner in fee of said premises, and that the same are free of all incumbrances whatever."

The descriptoin of the property mortgaged was as follows:

"All my undivided right ,title, claim, and interest in and to all of 'Sec. 5—93—61, except a certain portion of the northeast quarter of said section 5.'  It being the intention to mortgage all my right, title, claim, and interest in the above-described land that I have and am entitled to as a son and heir at law of the estate of Abraham T. Schultz, deceased."

Six days after the execution and delivery of this mortgage, Abraham T. Schultz died, leaving a number of heirs.  Among them was Tobias, who thereupon became entitled to an undivided one-twenty-seventh interest in his father's real estate, subject to the administration of his estate.

The mortgage was filed for record, and thereafter appellant Commercial & Savings Bank secured judgment against the mortgagor for $7,912.40 in a suit upon a promissory note, dated 31 days prior to respondent's note and mortgage.  Thereafter appellant levied execution on the undivided one-twenty-seventh interest of Tobias, and thereafter a sheriff's deed thereon was duly issued to appellant.

In this action to foreclose respondent joined appellant as defendant, setting up that appellant claimed an interest in the land, but that the same was inferior to plaintiff's mortgage.  Appellant answered, claiming to be the owner of the mortgaged premises, subject only to the administration of the estate of Abraham T.

Schultz, deceased, and setting up its title under the sheriff's deed as superior to the mortgage of respondent. On trial in the circuit court, judgment was entered in favor of respondent and against defendant and appellant for the foreclosure of respondent's mortgage upon the undivided one twenty-seventh interest in and to section 5—93—61, except a certain portion of the northeast quarter of said section.

[1, 2] Appellant moved for a new trial, which motion was denied, and now makes various assignments of error, all of which refer to one question; namely, whether a prospective heir, using the language used by Tobias Schultz in the mortgage in suit, may mortgage the lands of his ancestor. Judgment was entered in the lower court, and new trial denied, upon the theory that, upon the death of his father, the title acquired by Tobias inured to the benefit of respondent by virtue of section 1551, R. C. 1919. This section, so far as material or relied upon by respondent, is as follows:

"Title acquired by the mortgagor subsequent to the execution of the mortgage inures to the mortgagee as security for the debt in like manner as if acquired before the execution."

Respondent further contends that the law invokes an estoppel against the mortgagor in such cases and refuses to permit him to deny the validity of the mortgage, citing Adam et al v. McClintock et al, 131 N. W. 394, 21 N. D. 483; Maxwell v. Wilmington Mfg. Co. (C. C.), 77 F. 938; Bayler v. Com., 40 Pa. 37, 80 Am. Dec. 557; Flanders v. French, 106 N. W. 54, 20 S. D. 316; Yerkes v. Hadley, 14 N. W. 340, 5 Dak. 334, 2 L. R. A. 363.

Appellant contends that an essential element in a deed or mortgage is property capable of being transferred, citing 27 Cyc. 1035, and In re Bennett, 132 N. W. 312, 115 Minn. 342, 37 L. R. A. (N. S.) 521, and contends that the property sought to be transferred was not such an interest as could be so transferred, citing section 519, R. C. 1919; section 285, R. C. 1919; In re Thompson's Estate, 128 N. W. 1127, 26 S. D. 576, Ann. Cas. 1913B, 446; McDonough v. Martin, 16 S. E. 59, 88 Ga. 675, 18 L. R. A. 343; Hanrick v. Patrick, 7 S. Ct. 147, 119 U. S. 156, 30 L. ed. 396; Van Rensselaer v. Kearney, 11 How. 297, 13 L. ed. 715; Young v. Clippinger, 14 Kan. 148; Blanchard v. Brooks, 12 Pick. (Mass.) 47; Comstock v. Smith, 13 Pick. (Mass.) 116, 23

Am. Dec. 670; McNear v. McComber, 18 Iowa 12; White v. Stewart, 62 S. E. 590, 131 Ga. 460, 15 Ann. Cas. 1198.

The Minnesota court, in Re Bennette, supra, says:

"It is elementary that any interest in real estate, which may be sold or assigned, may be mortgaged; and, conversely, that some estate or interest capable of being mortgaged, held by the mortgagor, is essential to the existence of the mortgagee."

Section 520, R. C. 1919, is as follows:

"A mere possibility, not coupled with an interest, cannot be transferred."

Section 285, R. C. 1919, is as follows:

"A mere possibility, such as the expectancy of an heir apparent is not deemed an interest of any kind."

This court, in the case of In re Thompson's Estate, supra, uses the following language:

"At common law a mere expectancy, not coupled with an interest, could not be sold or assigned. There is no statute in this state changing the common-law rule on this subject; but, on the contrary, our statute has adopted the common-law rule as follows: [Here quoting section 215, Civ. Code, which is now revised as section 285, R. C. 1919, above quoted; and also quoting section 918, Civ. Code, which is now section 520, R. C. 1919.]"

However, at the time that the court delivered its opinion in the case of In re Thompson's Estate, supra, there was not only a statute in this state, being now section 1551, upon which respondent relies, but also what is now subdivision 4, § 555, which is as follows:

"Where a person purports by proper instrument to grant real property in fee simple and subsequently acquires any title or claim of title thereto, the same passes by operation of law to the grantee or his successors."

Respondent contends, however, that, if it be true that a mortgage upon property is void unless the mortgagor possesses some present interest in the property mortgaged, then section 1551 of our Code would necessarily be meaningless, but this does not follow.

[3] As was said by our court in the case of In re Thompson's Estate, supra, our statutes upon this subject are merely declaratory of the common law, and at common law a mere ex-

pectancy, not coupled with an interest, could not be sold or assigned.

Henry Campbell Black, in his treatise on "Mortgages" in Cyc., makes a distinction between after-acquired title and after-acquired property (27 Cyc. 1139 and 1141), and the great weight of authority is to the effect that language similar to the language used in this mortgage does not transfer after-acquired title. The language used is the language of the quitclaim deed, and, by statute in South Dakota (section 542, R. C. 1919), such language does not transfer after-acquired title, unless words expressing such intention be added.

[4]   In the present case the mortgagor, Tobias Schultz, did not, at the date of this mortgage, mortgage the property which respondent seeks to subject to his mortgage, namely, a one twenty-seventh interest in the real estate. He mortgaged the interest which he then had as a son and heir at law of the estate of Abraham T. Schultz. As the son of a living father he then had no interest, and, as his father was then living, his father had no heirs. Therefore Tobias Schultz mortgaged nothing.

[5]   By his warranty in that mortgage he warranted that which he conveyed, not a one twenty-seventh interest in certain described real estate, but, as was said in McNear v. McComber, supra:

"When the grant is simply of the right, title and interest of the estate sold and conveyed, it passes no other estate or interest than what the party possessed at the time; that is to say, the covenant of warranty does not have the effect to enlarge the estate granted, but is qualified and limited to just what interest the grantor had in the premises."

[6]   Nor does respondent bring itself under the other ground for permitting the transfer of after-acquired property; namely, the estoppel of the mortgagor to deny his mortgage. In other words, we have in this case a prospective heir giving a mortgage on property which he did not then own, and to which he had no title, and using language in the mortgage which does not indicate, as clearly as the rule demands, an intention to mortgage after-acquired property, warranting nothing which he did not mortgage and mortgaging nothing.

We therefore conclude that the mortgage given to plaintiff and respondent was void, and that the judgment of the lower court should be reversed.

MISER, Circuit Judge, sitting in lieu of SHERWOOD, J.