JOHN LEE, Appellant, v. FRANK LEE et al., Appellees.

MARCH 5, 1929.

*B. H. Morrison* and *Underhill & Miller*, for appellant.

*O. P. Bennett*, for L. A. Andrew, Receiver State Savings Bank of Ute, appellee.

*Crary & Crary* and *George E. Allen*, for other appellees.

KINDIG, J.—There is presented here for consideration a question relating to the priority of liens. Appellant, as plaintiff, contends that his mortgage is superior to the judgment of the defendant and appellee State Savings Bank. Because of the language of appellant's mortgage, it is necessary to decide whether or not, under the facts and circumstances, it ever became a lien upon the real estate involved. If it did not so become, then, of course, the appellee bank must prevail.

Wesley Jones, who was the ancestor originally owning the land in question, died intestate March 30, 1921. He was survived by his wife, Naomi C. Jones, and seven children: Orvan, Roscoe, Eugene, Otis W., and Harry H. Jones, and Maude Rose and Euretha Lee, appellees. When the ancestor, Wesley Jones, died, he owned several tracts of real estate in Monona County, including the 160 acres upon which the conflicting liens are claimed. After the father died, the widow and children aforesaid, on February 20, 1922, entered into a written stipulation for the settlement of their property rights. By the terms of this agreement, the quarter section of land in dispute was given to the surviving wife, Naomi C. Jones. This particular acreage

884

contained the homestead upon which the father and his family had lived. That property was given to Naomi C. Jones by the children, as aforesaid, under said contract of settlement, because she elected, according to the terms thereof, "to take her one-third interest, dower, and homestead" therein. Other land was transferred to the seven children, in consideration for the conveyance of the particular tract to the mother. All necessary deeds were executed and exchanged; so she continued, during the remainder of her life, to live upon the farm thus conveyed to her. None of the children lived with her thereon.

On February 18, 1925, the appellee Euretha Lee gave to her father-in-law, John Lee, the appellant, an assignment of all her interest in the Wesley Jones estate, to secure a note of $1,000. It is to be remembered that the Wesley Jones estate at that time had been settled and disposed of by the widow and children, including Euretha Lee, in the manner and way above described. Then, on July 18, 1925, the appellee State Savings Bank obtained a judgment against the said appellee Euretha Lee and her husband for $5,599.69, together with $193.41 costs. Thereafter, on May 18, 1926, the appellee Euretha Lee and her husband, Frank Lee, executed, made payable, and delivered to the said John Lee their promissory note, due May 4, 1927, in the sum of $2,850, with interest at 5 per cent per annum. To secure that note, the appellee Euretha Lee and her husband executed a mortgage to the payee of the note on the following described property: "Our undivided interest in" the 160 acres previously conveyed to the mother, Naomi C. Jones." At that time, the appellee Euretha Lee had no "interest" therein.

Subsequently, the assignment before mentioned was duly released of record September 17, 1926. Very soon thereafter,—that is to say, on October 28, 1926,—the mother, Naomi C. Jones, died intestate, seized of the 160 acres obtained by her in the manner and way aforesaid. She was survived by her seven children, the appellees before named. Thus the appellee Euretha Lee (neé Jones) became entitled to an undivided one-seventh interest in and to said 160 acres of land. Hence, on November 9, 1927, the appellee State Savings Bank caused execution to issue on its judgment, against the one-seventh interest of Euretha Lee in and to that portion of the Naomi C. Jones estate.

Next in the order of events, appellant, on November 16,

1927, filed his petition to foreclose his mortgage, and impleaded the appellee State Savings Bank, in order to establish the superiority of the mortgage over the judgment and restrain the execution of the latter. Appellee State Savings Bank denied that appellant obtained any lien on or right, title, or interest in the premises under and by virtue of the alleged mortgage. The district court agreed with the appellee bank, and rendered a decree and judgment accordingly. Therefore, appellant appeals. Such are the problems presented for solution.

I. Manifestly, under the decisions of this court, an assignment of a naked possibility or expectancy of an heir apparent to an estate is enforcible in a court of equity, after the ancestor's death, provided that there is no fraud and the consideration is adequate. *Jones v. Jones*, 46 Iowa 466; *Mally v. Mally*, 121 Iowa 169; *Richey v. Rowland*, 130 Iowa 523; *Betts v. Harding*, 133 Iowa 7; *Aultman Engine & Thresher Co. v. Greenlee*, 134 Iowa 368; *Richey v. Richey*, 189 Iowa 1300; *Berg v. Shade*, 203 Iowa 1352.

II. Moreover, it has been previously determined that, generally speaking, a judgment creditor can only obtain through execution such right or interest in the property levied upon as was held by the debtor. Resultantly, if the latter, by previous assignment, legally conveyed to a third party all interest in the real estate, the judgment creditor could obtain nothing, because his rights could rise no higher than those of the debtor. So, had the debtor herein, Euretha Lee, transferred the property to appellant before the levy by appellee State Savings Bank, no interest therein could be acquired by the execution process. *Berg v. Shade*, supra. Therein this court said:

"It is settled doctrine that a judgment is a lien upon such interest only as the debtor has in real estate. * * * By the instrument of assignment, Frank E. Weatherly assigned, set over, and transferred to Brown 'all interest of every kind and nature' in the estate of his father. That this, as between the parties, was effectual to transfer his interest in the real estate left by the deceased is, we think, clear."

III. However, before the above and foregoing principles of law become applicable, there must be an assignment or conveyance. Necessarily, then, if appellant in the case at bar did not

obtain such transfer of Euretha Lee's prospective interest in and to her mother's estate, he cannot prevail against the appellee bank's execution under the valid judgment. Was there such "conveyance?". We think not.

In the assignment made before the mortgage, Euretha Lee purported to set over unto appellant her interest in the "Wesley Jones estate." Clearly, on February 18, 1925 (the date of the assignment), Euretha Lee had no further interest in her father's property, so far as shown by the record; for it is to be remembered the estate of the father had been settled and disposed of by the agreement with the mother and the exchange of the necessary deeds made between her and the seven children. Consequently, the one-seventh interest now demanded under the mortgage is of the mother, Naomi C. Jones's, estate, rather than the father's. Furthermore, when the mortgage was subsequently given by Euretha Lee to appellant, the previous assignment was released of record, satisfied, and discharged. Wherefore, if appellant has any lien upon or interest in Euretha Lee's portion of her mother's estate, it must be because of the mortgage given before the ancestor's death. Did that instrument convey Euretha Lee's future or expected interest in and to that estate? Answer must be made in the negative.

Returning again to the language of the mortgage, it is recalled that Euretha Lee and her husband, the grantors, "sold and conveyed unto the said John Lee [appellant] the following described premises situated in the county of Monona and state of Iowa, to wit: Our undivided interest in" the real estate aforesaid. Whatever transfer was made thereby related to the present, as distinguished from the future. Euretha Lee and her husband at that time had no right or interest in and to that property, for the reason that the mother was then living. Admittedly, Euretha Lee had an expectancy as an heir apparent, but that contingency was not mentioned in the mortgage. No effort was made to transfer the expectancy or future possibility. By the most express language, the mortgage relates to the present ownership, rather than uncertainties of the future, from which there was a possibility that ownership would accrue. Conveyance should have covered Euretha Lee's contingent interest in her mother's estate, rather than the present property in

specific land. The estate, at the mother's death, might or might not own such definite realty.

Argument is made by appellant on the basis that certain words in the mortgage changed the instrument into an assignment of the expectancy. Reference is made to the following phraseology: "Our undivided interest * * * together with all future rents, issues, and profits of said premises." But the inclusion does not assist at this juncture, because "all future rents, issues, and profits" relate back to "our undivided interest." Hence, if there was no "interest," there could not, in any event, be any "future rents, issues, or profits."

Discrimination here must be made between an attempt to enforce the mortgage as it is written and what would be the situation, were the present action one for reformation. As to what our holding would be in such event, we make no indication, because the question is not presented. Under the instant facts and circumstances in the present litigation, appellant cannot succeed. His mortgage did not cover the future interests of Euretha Lee in her mother's estate, but rather, was confined to her rights in the specially described real estate at the time the mortgage was given. She had no equity or interest at that time, and consequently appellant obtained none.

IV. Even though the foregoing be true, appellant contends, nevertheless, that there is a theory upon which he can obtain his redress. He refers to Section 10043 of the 1927 Code, which provides:

"Where a deed purports to convey a greater interest than the grantor was at the time possessed of, any after-acquired interest of such grantor, to the extent of that which the deed purports to convey, inures to the benefit of the grantee. * * * "

Applying the text of that section to this case, appellant seeks to gain advantage in his predicament. It is argued by him that, although Euretha Lee had no interest in the land which she could convey at the time the mortgage was executed, yet inheritance conferred a one-seventh interest upon her, at the mother's death. Following this thought, appellant says that the ownership or title thus finally acquired by his grantor accrued to the former under and by virtue of Section 10043, supra. Appellant, however, at

this point entirely overlooks both the meaning of the statutory provision and the true interpretation of his mortgage. Parenthetically, it is repeated that the incumbrance agreement attempted to grant only such interest as Euretha Lee at the time had in the real estate. This land itself was not transferred, nor was a one seventh thereof conveyed. Nothing was set over unto appellant through the mortgage except the present undivided interest of Euretha Lee and her husband. Such was all the mortgage deed purported to effect. Said grantor did not undertake to bestow upon appellant any greater title or interest. Whereupon, Section 10043, supra, does not apply. That legislative enactment only refers to instances where the "deed" means to vest in the grantee a greater right than the grantor possessed. *McNear v. McComber*, 18 Iowa 12; *Henderson v. Beatty*, 124 Iowa 163. In the *McNear* case, the following apt language is used:

" * * * when the grant is simply of the right, title, and interest of the estate sold and conveyed, it passes no other estate or interest than what the party possessed at the time: that is to say, the covenant of warranty does not have the effect to enlarge the estate granted, but is qualified and limited to just what interest the grantor had in the premises. A failure of such a title and eviction do not constitute a breach of the warranty."

Likewise, the *Henderson* case consistently continues thus:

"When one undertakes to convey whatever right, title, and interest he may have in land, this should not be enlarged upon so as to require a transfer of the land itself."

Obviously, Euretha Lee did not purport to or in fact convey unto appellant any right in the farm described, except that which she possessed at the date of the mortgage. There is no place, then, for the application of the principles contained in the statutory provision above quoted. Wherefore, appellant received no interest in Euretha Lee's property through the mortgage, and appellee's judgment is a good and valid lien thereon, and execution to satisfy the same properly issued in the premises.

The judgment and decree of the district court should be, and hereby is, affirmed.—*Affirmed.*

ALBERT, C. J., and EVANS, FAVILLE, WAGNER, and GRIMM, JJ., concur.