In re Estate of F. W. Schwertley.

Paul J. Schwertley et al., Executors, v. Frederick J. Schwertley et al.

W. E. O'Connor, Intervener, Appellee, v. Paul J. Schwertley et al., Executors, Frederick J. Schwertley et al., Appellants.

No. 45280.

AUGUST 6, 1940.

REHEARING DENIED NOVEMBER 22, 1940.

D. A. Schwertley, for executors, appellants.

Fred E. Egan, for Frederick J. Schwertley et al., appellants.

E. S. Brumbaugh, Michael Murray, and Roy E. Havens, for appellee.

HALE, J.—The facts in this case were stipulated, and the statement thereof by appellee, which appellants agree substantially states the contents of the stipulation, is as follows:

July 16, 1931, F. W. Schwertley, late a resident of Dade county; Florida, died testate, seized of real estate situated in

Harrison county, Iowa, consisting of approximately 960 acres. His last will and testament was duly admitted to probate in Dade county, Florida, on November 27, 1931, and was also admitted to probate in Harrison county, Iowa, on December 21, 1931, in which latter proceeding Paul J. Schwertley then became the duly appointed, qualified, and acting administrator with the will annexed, posted notice of his appointment, and continued to act as sole administrator c. t. a. until about June 23, 1939, at which time Desmus H. Schwertley became his co-administrator c. t. a. of said estate.

W. E. O'Connor filed his two claims against said estate in the probate court of Dade county, Florida, and also on the 9th day of February, 1932, he filed the same claims against said estate in the probate proceedings in Harrison county, Iowa. On January 16, 1933, in the probate court in Harrison county, Iowa, an order was entered fixing January 28, 1933, as the date of hearing on said claims. Within the time prescribed in said order a written notice of the filing of said two claims and of the time and place of hearing thereon was personally served on Paul J. Schwertley, then the sole executor (administrator c. t. a.) of said estate, in the manner prescribed in said order. On January 28, 1933, no appearance or objection having been made by said executor to either of said claims, the court entered its order allowing and establishing each of said two claims as valid claims against said estate.

The assets of said estate in the said proceeding in Florida were insufficient to pay W. E. O'Connor more than $500 on said claims, and except for such $500 received by him said claims remain unpaid. In the estate proceedings in Harrison county, Iowa, the only assets consisted of the afore-mentioned real estate and the sum of $300 received by the executor in compromise and settlement of a real estate mortgage.

The will provides: First, for the payment of just debts and funeral expenses; second, that all the rest, residue, and remainder of the estate (after such payment of debts, etc.) is given and devised one third thereof to testator's widow and

two thirds thereof to his eight children; and third, if any beneficiary directly or indirectly contests such will or any of its provisions he or she shall forfeit all right thereunder and his or her share is given to the other named beneficiaries according to the provisions of the residuary clause.

On June 23, 1939, Paul J. Schwertley and Desmus H. Schwertley, executors of said estate, filed in the probate proceeding in the Harrison county district court their petition for authority to sell real estate to pay debts and charges against said estate. To this petition an answer and resistance was filed on June 30, 1939, by the residuary devisees of decedent, including the afore-mentioned Paul J. Schwertley and Desmus H. Schwertley, such residuary devisees being the widow and children of decedent.

The afore-mentioned petition of executors for authority to sell real estate to pay debts was made under the provisions of section 11933 of the Code of Iowa, 1935.

The petition of intervention of W. E. O'Connor was filed in said proceeding on the 30th day of June, 1939. On November 24, 1939, said cause, as presented by the petition of intervention, was by order of court transferred to the equity docket for trial.

Thereafter the issues presented by said petition of intervention, defendants' answer thereto, and intervener's reply, were tried in equity, and this appeal is from the judgment and decree of the court on such trial.

The decree of the court found and held: (1) That the widow and heirs took by devise and not by descent; (2) that they have not taken any right, title, or interest in such part of the realty as is necessary to pay debts of decedent; (3) that the necessity exists to sell the real estate or some of it sufficient to enable the executors to perform the requirements of the will in respect to paying decedent's debts to W. E. O'Connor as established; (4) that the provisions of the will, coupled with such necessity, created an equitable conversion of the realty, or a necessary part thereof into personal property, and this oc-

curred as of the date of the death of decedent; (5) the executors are directed to sell and convey as personalty such part of the real estate as may be necessary to pay the O'Connor claims with costs and expenses; (6) and that such duty to sell for that purpose is paramount to the right of executors to sell under the provisions of Code section 11933; (7) further proceedings on petition of executors under Code section 11933 are stayed and abated until after such sale and conveyance.

It is claimed by appellee and conceded by appellants that the devisees named in the will take by devise and not by descent, and with the concession appellants claim that the only question before this court is the question of equitable conversion —whether or not, by the terms of the will, the real property was converted into personalty.

The question being as to whether or not there was an equitable conversion of the decedent's real estate into personalty, it follows that the disputed part of the court's decree is:

"4. That the terms and provisions of the will of the decedent coupled with the afore-mentioned necessity operated to create an equitable conversion into personalty of said real property or such part thereof as is necessary to pay the just debts of the decedent, and that such equitable conversion occurred as of the date of the death of the decedent."

The necessity referred to is in paragraph 3 of the decree above mentioned.

What is an equitable conversion? This question is answered at length and authorities are reviewed in In re Estate of Dodge, 207 Iowa 374, 381, 223 N. W. 106, 109. The opinion cites Beaver v. Ross, 140 Iowa 154, 157, 118 N. W. 287, 20 L. R. A., N. S., 65, 17 Ann. Cas. 640:

" 'Equitable conversion is defined as a constructive alteration in the nature of property, by which, in equity, real estate is regarded as personalty, or personal estate as realty. It grows out of the old equitable maxim that "Equity regards that done which ought to be done." It has been adopted for the purpose

of executing trusts, and it is essential to the application of the doctrine that the property should be subject to a trust or imperative direction for conversion.' "

The Dodge case cites also 13 C. J. 852, and 6 R. C. L. 1065; In re Estate of Sanford, 188 Iowa 833, 837, 175 N. W. 506, 508, which quotes from Hanson v. Hanson, 149 Iowa 82, 127 N. W. 1032, as follows:

" ' " To work a conversion of real estate into personalty, there must be either (a) a positive direction to sell; (b) an absolute necessity to sell, in order to execute the will; or (c) such a blending of realty and personalty by the testator in his will as to clearly show that he intended to create a fund out of both real and personal estate, and to bequeath the same as money. In the first, the intention to convert is expressed; in the latter two, it is implied. A bare power of sale, like a discretionary power given in a will, does not work a conversion until exercised." Again, it has been said, in effect, that: "Equitable conversion arises from an express, clear, and imperative direction, or from a necessary implication of such express direction. The question of conversion is one of intention, and the question is, Is it the testator's intent to have his real estate converted into personalty immediately upon his death?" ' "

Later in the case (In re Estate of Sanford) we said, page 838 of 188 Iowa, page 508 of 175 N. W.:

"If, on the other hand, such absolute, imperative necessity existed, then the intention of the testator to work an equitable conversion of the real estate will be implied." (Citing our former holdings and the general rule from other states.)

A more recent case discussing the general provisions of the doctrine of equitable conversion is Grady v. Grady, 221 Iowa 561, 266 N. W. 285; and In re Estate of Sheeler, 226 Iowa 650, 661, 284 N. W. 799, 804, reviews many authorities.

In the will under consideration it is evident that none of

the causes effecting a conversion of the realty are present except possibly by implication. There is no imperative direction to convert—that is, no expression of an absolute intention that the land shall be sold and turned into money. No trust is created. There is no blending of real and personal property.

Appellee-intervener, in support of the decree, argues (1) that residuary legatees receive no more than the residue after payment of debts and charges, and (2) that consistent with the definition of residue, where the provisions of a will show, either positively or by implication, an intention to convert real property into money, a court will decree an equitable conversion, and that such intention may be implied from the necessity to sell in order to perform the provisions of the will; that such conversion took place at the time of testator's death, and (3) that the provisions of law making payment of debts mandatory does not render such provision in the will meaningless, because the will specifically makes the devise subject to the payment of such charges.

As to proposition 1 of appellee's argument he cites 54 C. J. 715, and In re Bradley's Will, 123 Wis. 186, 101 N. W. 393, containing various definitions of "residue." He urges that, no more than the residue being devised, devisees never became vested with more than such residue and such residue cannot include the property required to pay debts because not determined until after the payment of debts. But under our holdings the rule is that upon the death of testator real estate passes to the devisees, subject to be divested for payment of claims. The general rule is given in 24 C. J. 130, section 594, that the executor has no interest in real estate, but title vests in the devisees, subject to the necessities of administration. See Flora v. Brown, 159 Iowa 253, 140 N. W. 364; Hatton v. Wheaton, 158 Iowa 460, 464, 139 N. W. 1108, 1110, citing Herriott v. Potter, 115 Iowa 648, 89 N. W. 91. See also O'Connor v. Halpin, 166 Iowa 101, 147 N. W. 185. And it is so considered by statute, section 11952 of the Code, which provides for possession of the real estate by the administrator only when persons entitled to same are not present or competent to take.

1216

██ We cannot agree with appellee's third proposition. Our law provides for the payment of debts, and we believe that our court has consistently held that such a requirement does not add to such legal requirement. Considerable attention in argument is paid by appellants and appellee to Luckenbill v. Bates, 220 Iowa 871, 263 N. W. 811. The will there specifically directed sale and distribution among the legatees, who were the heirs. The question in that case was that of exemption to the legatees, the property having been decedent's homestead, and was decided under the rule in In re Estate of Guthrie, 183 Iowa 851, 167 N. W. 604, and the question of exemption from the payment of debts was the main factor in the cases considered in the opinion, including In re Estate of Schultz, 192 Iowa 436, 185 N. W. 24. And see Long v. Northup, 225 Iowa 132, 279 N. W. 104, 115 A. L. R. 1475. The question of equitable conversion was raised in the reply argument, but was dismissed with the suggestion that it was hypercritical and without merit, for the reason that no such question was raised in the opening argument. The case gives us little help on the controlling question here, which is the intention of the testator. The court does, however, reiterate the rule that where a statutory provision makes the payment of testator's just debts mandatory, a direction in the will that such just debts shall be paid is meaningless as to the actual debts. Citing 69 C. J., page 1219, and cases cited.

The cases cited by appellee do not support the theory that the direction to pay debts and divide the residue in this will by implication creates a conversion. As suggested in the Luckenbill case, such provision being what the law directs it adds nothing to or takes nothing away from the will. It is common to nearly every will and a necessary condition in every estate. Appellee cites In re Estate of Sanford, 188 Iowa 833, 175 N. W. 506; Ihle v. Ihle, 222 Iowa 1086, 270 N. W. 452; Beaver v. Ross, supra; Chick v. Ives, 2 Neb. [Unof.] 879, 90 N. W. 751; Stalder v. Stalder, 105 Neb. 367, 180 N. W. 566; and Harrington v. Pier, 105 Wis. 485, 82 N. W. 345, 76 Am. St. Rep. 924, 50 L. R. A. 307. In all cases cited there was either an express

direction to sell, or the sale of real estate was imperatively necessary by reason of the large amount of bequests. The facts are not so similar as to apply here. To sustain appellee's contention we must find, in the will and other pertinent and material circumstances, an intention to convert. The application of the doctrine of equitable conversion is to carry out the actual intent of a testator and not to defeat such intention. Ingraham v. Chandler, 179 Iowa 304, 161 N. W. 434, L. R. A. 1917D, 713; Norris v. Loyd, 183 Iowa 1056, 168 N. W. 557. It is obvious that no such intent can be found in the will itself. It contains simply a direction for division after payment of debts. Even where executors are given the mere power of sale and the realty is charged with the payment of debts, no conversion occurs. 18 C. J. S. 63, section 22, and 13 C. J. 869, and cases cited therein. There were debts, although not established at the time the will went into effect. Applying the general rule as to construction in these cases, the intent to convert " * * * will not be presumed merely for payment of pecuniary legacies [and no more for the payment of debts], * * * in the absence of a positive direction to sell * * * or other clear intention to convert, such as blending of real and personal property, a will should not be construed to effect a conversion of realty into personalty. The law does not favor conversion under wills, and there is a presumption against it." 18 C. J. S. 54, §15, citing among other cases, Hanson v. Hanson, supra.

The rules applied in Hanson v. Hanson, supra, and in Grady v. Grady, supra, we think apply here. We do not find the intention so manifestly implied nor the circumstances and conditions such as to create the implication that there was a conversion by the will. Under the facts presented in this case we must find that there was no conversion. To find that there was a conversion effected in this case would be, in effect, to hold that in every case where the debts exceed the personal assets on hand at the time of death an equitable conversion results. Such we do not believe to be the law, especially in view of the provision of our statutes. No reason is shown why the debts of

the estate cannot be taken care of under the duty and power granted to executors by section 11952 of the Code.

We are convinced that the executors should proceed to sell under the provisions of section 11952 of the Code, and that the decree of the district court must be reversed and the cause remanded for further proceedings.—Reversed and remanded.

RICHARDS, C. J., and MITCHELL, HAMILTON, STIGER, SAGER, BLISS, OLIVER, and MILLER, JJ., concur.