594

**HALE v. CAMPBELL et al.**

No. 12148.

Circuit Court of Appeals, Eighth Circuit.

April 23, 1942.

Alan Loth, of Fort Dodge, Iowa (Thomas M. Healy, of Fort Dodge, Iowa, and C. A. Smedal, of Ames, Iowa, on the brief), for appellant.

Maurice J. Breen, of Fort Dodge, Iowa (Dwight G. Rider and D. M. Kelleher, both of Fort Dodge, Iowa, on the brief), for appellees.

Before SANBORN and WOODROUGH, Circuit Judges, and TRIMBLE, District Judge.

WOODROUGH, Circuit Judge.

This appeal is taken to reverse a judgment which sustained "the second ground[1] of the defendant's motion to dismiss the cause" and dismissed the action for want of jurisdiction.

It appears that plaintiff, a citizen of Iowa, sued to establish and quiet his title to sixteen described parcels of Iowa real estate and over $300,000 of described municipal bonds, all in his possession under claim of ownership. The defendants to the suit were citizens of other states who, it was alleged, asserted interests in the property as heirs of plaintiff's deceased wife. Process was served under Section 57 of the Judicial Code, 28 U.S.C.A. § 118. The complaint was based upon a contract between plaintiff and his wife, alleged to have been executed and acknowledged in 1929 in her lifetime, whereby she transferred to him all property she then or thereafter owned, reserving enjoyment for her life. It was alleged that plaintiff and his wife then owned some of the described property and acquired the rest of it subject to the contract. That the wife died in 1938, leaving a will which made the plaintiff her residuary legatee. That the bonds were not needed to pay debts or legacies and were turned over to plaintiff under order of court by her executor, and plaintiff has always been in possession of the described lands. That thereafter defendants contested her will in a suit in the state court of her domicile asserting interests in her property as heirs and next of kin and said suit was still pending. That plaintiff was a defendant in the suit and had set up the contract above referred to and attempted there to litigate the results thereof and the ownership conferred thereby, and to claim that because of said instrument the defendants here (plaintiffs in the will contest) have no standing to attack the will nor to take the decedent's property regardless of the validity or invalidity of the will. But that these defendants (as plaintiffs in the will contest) filed a motion therein to strike said defense, and procured an order of the state court having jurisdiction thereof, which order provided that the defense thus attempted by this plaintiff in said cause should be and was stricken therefrom, but said order also provided that he should have the right, and was adjudged entitled, to bring a separate action asserting his rights under said instrument. That it has now been adjudicated that plaintiff may not assert said instrument in defense of the will contest and that he may bring a separate suit with respect thereto. That he has no other plain, speedy or adequate remedy at law. That with the issues restricted by the order aforesaid, the suit in the state court will not, when decided, determine plaintiff's claim to and ownership of said property under said instrument, so that this separate action is necessary to remove the cloud from plaintiff's ownership of and claim to the aforesaid real and personal property under the aforesaid instrument, which cloud is created by the claim of these defendants that they are entitled to some share of or interest in said property as heirs at law of Elizabeth C. Hale.

Plaintiff prayed to have his claim to the property described in the complaint confirmed in him and his title thereto quieted against all the defendants and for all appropriate equitable relief.

The trial court accompanied its judgment sustaining the second ground of the defendants' motion to dismiss and dismissing the cause for want of jurisdiction with its formal opinion, which is reported in 40 F.Supp. at page 584, and it is made explicit both in the judgment and in the opinion of the court that the reason for decision to dismiss was that the persons named in the second ground of the motion were indispensable parties defendant who had not been joined in the suit, that their citizenship was the same as that of the plaintiff and that although a sufficient amount was involved, there was no federal jurisdiction. Section 24, Judicial Code, 28 U.S.C.A. § 41(1).

---

[1] This ground for dismissal read: "This court does not have jurisdiction of the subject matter of the complaint or of this case for the reason that there are indispensable parties defendant to plaintiff's complaint who are not joined as defendants or made parties thereto and who are and each of whom is a citizen resident of, and domiciled in, the State of Iowa, the same state of which the plaintiff is a citizen and resident; namely, O. M. Thatcher, executor of the estate of Elizabeth C. Hale and as such an officer of the District Court of Webster County, Iowa; Herman Hale, also known as Herman Hipshur; Betty Kaupp, and L. L. Leighton, who are devisees and legatees named in the purported last will and testament of Elizabeth C. Hale."

The appellant contends that his appeal from the judgment of dismissal presents no question for our review except the question whether the persons named in defendants' motion were indispensable parties defendant (that is, whether his complaint presented a controversy between citizens of different states within the intendment of Section 24, Judicial Code, 28 U.S.C.A. § 41(1). The case was dismissed on decision of that question against him and his points on appeal are that the persons found to be indispensable parties defendant were not such and that as to one of them (the executor), he would, if made a party, be aligned in interest with the plaintiff.

The appellees controvert appellant's points and contend further that the plea to the jurisdiction and motion to dismiss filed by them in the trial court disclosed other grounds upon which that court should have dismissed the action, and that this court should consider and pass upon such other grounds and sustain the dismissal, even though we should find the judgment entered on the second ground of their motion was erroneous. We have not failed to examine all of the record or to consider all of the contentions, but we confine our decision on this appeal to the single question on which the trial court decided to dismiss the action. Affirmance on that question would dispose of the plaintiff's case, but if decision on it establishes that all indispensable parties were before the court, then the cause must proceed further on that basis. Though the trial court ruled adversely to defendants on the other grounds of their motion, we treat such rulings as interlocutory and will not anticipate or decide in advance any of the questions that may be preserved by either of the parties on review of another final judgment.

As the reported opinion of the trial court clearly discloses the pleading and proceedings on which decision was rendered, it is not necessary for us to set them out again.

█ It appeared to the trial court that the Iowa executor of the estate of Elizabeth C. Hale was an indispensable party defendant to the plaintiff's suit, but we do not find that such executor had such an interest, either in the lands to which the plaintiff sought to quiet his alleged title or in the bonds plaintiff claimed to own, that his presence in the suit was indis-

pensable. The Supreme Court gave its definition of indispensable parties in Shields v. Barrow, 17 How. 130, 139, 58 U.S. 130, 15 L.Ed. 158 (and we know of none in conflict), as: "Persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience." Sioux City Terminal, etc., Co. et al. v. Trust Company of North America, 8 Cir., 82 F. 124; Silver King Mines Co. v. Silver King Consolidated Mining Co., 8 Cir., 204 F. 166, Ann.Cas. 1918B, 571; Waterman v. Canal-Louisiana Bank & Trust Co., 215 U.S. 33, 30 S.Ct. 10, 54 L.Ed. 80; Commonwealth Trust Co. v. Smith et al., 266 U.S. 152, 45 S.Ct. 26, 69 L.Ed. 219; Chicago, M., St. P. & P. R. Co. v. Adams County et al., 9 Cir., 72 F.2d 816.

█ To the extent that the plaintiff sought to quiet his title to the lands in his possession described in the complaint, it is clear that the laws of Iowa vested no title or right of possession as to such lands in the executor of the wife's estate. The Iowa law vests title to a decedent's lands instanter in his heir or devisee and the executor is charged with no duties or rights in respect to them. If there are debts he may, lacking sufficient personalty, prosecute proceedings to subject the lands to their payment, but the complaint negatived any such contingency in this case. We conclude therefore that the executor had no such interest in the lands that a just decree as to their ownership could not be made between plaintiff and the defendants without injuriously affecting his interests or imperiling his trust. In re Duffy's Estate, 228 Iowa 426, 292 N.W. 165, 128 A.L.R. 943; In re Schwertley's Estate, 228 Iowa 1209, 293 N.W. 445.

█ The prayer of the complaint to quiet plaintiff's title against the claims of defendants to the bonds in plaintiff's possession requires separate consideration. It is to be inferred from the complaint that the executor had had the bonds in his possession but there being no debts and no need for their use in the administration, they were distributed to the plaintiff. It may be conceded that there are possible contingencies under which the executor might be required to retake possession of the bonds for some purpose of estate ad-

ministration, and as they are in the possession of the plaintiff the executor might be required to call upon plaintiff for them. Such a possibility may exist even if plaintiff has obtained a decree quieting his title to the bonds against the defendants in this suit. But the possibility suggests no reason to find the executor a necessary party to the controversy between plaintiff and the defendants presented by the complaint. It does not operate to vest interest in him of such a character as to make him an indispensable party defendant. Sioux City Terminal Railroad, etc., Co. et al. v. Trust Company, supra; Silver King Coalition Mines Co. v. Silver King Consolidated Mining Co., supra; Waterman v. Canal-Louisiana Bank, supra; Commonwealth Trust v. Smith, supra; Chicago, M., St. P. & P. R. Co. v. Adams County, supra.

■ It appeared to the trial court that the property was "still sufficiently in custodia legis to require the presence of the executor" [40 F.Supp. 584, 589], and we have not failed to consider that aspect of the case. But the plaintiff endeavored to litigate the claims presented by his complaint in the State court in the will contest case to which he was a party and that court, at the instance of these defendants, relegated the plaintiff to a separate action. The Iowa court may not in the exercise of probate jurisdiction try title to real or personal property involved in probate proceedings. Matheson v. Matheson, 139 Iowa 511, 117 N.W. 755, 18 L.R.A.,N.S., 1167; Mullen v. Callanan, 167 Iowa 367, 149 N.W. 516; McGarry v. Mathis, 226 Iowa 37, 282 N.W. 786, and the State court's order relegating plaintiff to his separate action relinquished all semblance of custody or jurisdiction in that court by reason of the pendency of the will contest proceedings pending before it. It is held that even where a court has property in its custody, it may, in the exercise of discretion, permit litigation over the title and right of possession to be carried on elsewhere. In People's Bank v. Calhoun, 102 U.S. 256, 261, 26 L.Ed. 101, the Supreme Court of the United States, said: "It was for the court having such possession to determine how far it would permit any other court to interfere with that possession, and what effect it would give to the attempt of another court to seize the property so under its control." Also see In re

Kelley, D.C., 297 F. 676; Bankers' Mortgage Co. et al. v. McComb et al., 10 Cir., 60 F.2d 218; Clarke v. Chicago, B. & Q. R. Co., 10 Cir., 91 F.2d 561.

■ It results from the order of the Iowa court distributing the bonds involved herein to the plaintiff and the further order relegating the plaintiff to his separate action that the property to which he seeks to quiet his title against the defendants is not in custodia legis and the executor is not now charged with any duty or obligation or interest in respect to the determination of the claims asserted by plaintiff against defendants in this action. He is therefore not an indispensable party defendant.

■ It also appeared to the trial court that Herman O. Hale, a devisee and legatee under the will of plaintiff's deceased wife, was an indispensable party defendant.[2] He had received and was in possession of land and cash left to him by the will and it was reasoned that if plaintiff should recover as prayed in his complaint the adjudication might create a cloud on the title of the devisee and legatee to the lands and money which have been distributed to him. But the plaintiff's complaint did not allege that plaintiff had any claim to the land or money distributed to the devisee and legatee and plaintiff does not seek and could not obtain any adjudication binding upon him in this action. The fact that the contract under which plaintiff claims may have transferred other property than that which he has in his possession under claim of ownership is immaterial. As long as plaintiff makes no claim to such other property the owners of it who are not made parties to his suit can not suffer injury to their interests. They are not indispensable parties defendant to the controversy against the non-resident defendants.

As we are of opinion that none of the persons named in the second division of defendants' motion were indispensable parties defendant in plaintiff's action, and that the complaint presented a controversy between citizens of different states cognizable in the federal court, the judgment appealed from should be reversed and the cause remanded for further proceedings according to law.

---

[2] Two other persons named in the defendants' motion received small legacies. The conclusions as to Herman O. Hale control as to them.