MARY HYATT v. ADA L. O'CONNELL, ET AL., Appellants.

Dower: ADMEASUREMENT. A widow may have her dower admeasured from any land owned by the husband during coverture of which she has not joined in a conveyance; and where there is nothing to indicate her connivance or fraud in inducing a purchaser to buy without her signature, she may have it set apart in lands conveyed by the husband alone.

Same: ESTOPPEL. The fact that funds derived from the sale and
2 conveyance of land by the husband alone, was used in support
of the wife as a member of the family, will not estop her from
claiming a dower interest therein.

Recovery of rent. A widow cannot recover rent of land, conveyed
3 by the husband alone, prior to a demand for the assignment
of her dower.

*Appeal from Linn District Court.*— Hon. J. H. Preston,
Judge.

Friday, May 18, 1906.

Action for admeasurement of plaintiff's dower in land
conveyed by her husband during his lifetime without relin-
quishment by plaintiff. Decree for plaintiff. Defendants
appeal.— *Modified* and *affirmed.*

*Redmond & Stewart,* for appellants.

*Heins & Heins,* for appellee.

McClain, C. J.— The plaintiff was married in 1854
to Geo. R. Hyatt, who, prior to March, 1855, acquired title
in the real property to which this action relates, which title
he conveyed to defendant's remote grantor on that date, the
plaintiff not joining in the deed. Geo. R. Hyatt died in
1903, and this action was soon after commenced for the
admeasurement of plaintiff's dower in the property. The
court decreed that plaintiff was entitled to one-third of the
property for life to be specifically set off to her, and if
admeasurement be found impracticable then, that the rent
which defendant should pay to plaintiff during her life in
lieu of the possession of a specific share be determined, and
provided for the appointment of referees. Counsel for ap-
pellant do not seriously question the correctness of the de-
cree as to the right of the wife in such case as this, to have
her dower interest set off from any land conveyed by her
husband during the coverture in the conveyance of which

she has not joined.    Such right is fully recognized in *Lucas v. White,* 120 Iowa, 735.; *Lucas v. Whitacre,* 121 Iowa, 251; *Purcell v. Lang,* 97 Iowa, 610.

It is contended that under the evidence an estoppel is made out so as to bring the case within the principle recognized in *Dunlap v. Thomas,* 69 Iowa, 358, and *Williams v. Wells,* 62 Iowa, 740, but we find nothing in the evidence to support an estoppel.    Plaintiff had no dealings with the purchaser of the land from the husband, and made no representation to him.    When her husband asked her to sign the deed, she refused to do so, and he then sold the land without his wife's joining in the conveyance.    There is nothing to indicate any connivance by the wife in any plan or representation by which the purchaser was induced to believe that the grantor was unmarried.

It is urged that plaintiff allowed her husband to use the proceeds of the land in the support of the plaintiff as a member of his family, and that this estops her from asserting an adverse claim; but there is no merit in this contention.    She was not required to leave her husband and refuse to receive support from him because he sold the land without her consent.

The trial court decreed that plaintiff should recover the rent of her one-third interest from the death of her husband to the time of the final decree.    As the record does not show any demand by plaintiff of her dower interest until the institution of this suit, she is not entitled to rent prior to the time this suit was instituted.    The question involved is similar to that decided in *Felch v. Finch,* 52 Iowa, 563, in which it is said that the widow " cannot recover damages or rent for withholding her dower until demand be made for its assignment."    The trial court should not, therefore, have directed that the referees take into account the rent from the time of the husband's death to the time of bringing suit.

With this modification, the decree is correct.— *Modified* and *affirmed.*