In the Matter of the Estate of THOMAS J. STONE, Deceased.

**Appeal:** ORDERS AFFECTING SUBSTANTIAL RIGHTS. In a proceeding by the state treasurer to require an administrator to file inventories of personal and real property, an order striking from the files the answer of the administrator putting in issue the facts upon which the treasurer predicated his rights, is an order affecting a substantial right from which an appeal will lie.

**Collateral inheritance tax:** WILLS: WAIVER OF LEGACY: AGREEMENT FOR DISTRIBUTION. The beneficiaries of a will, including a collateral legatee, may renounce the will and agree that the entire estate shall be distributed to the widow and lineal descendants according to the law of descent; and when this is done the State has no right to tax the legacy to the collateral heir and has no such interest in the matter that it can require the administrator to file an inventory of the property as provided by Code Section 3310.

*Appeal from Woodbury District Court.*— HON. FRANK R. GAYNOR, Judge.

THURSDAY, OCTOBER 25, 1906.

IN the probate court, in which the will of Thomas J. Stone, deceased, had been admitted to probate, G. S. Gilbertson, as Treasurer of the State of Iowa, filed application asking that the administrators of the estate be compelled to file

an inventory of all personal property, a list of the heirs and beneficiaries, and an inventory of all the real estate belonging to the decedent at the time of his death, giving the amount and description of each tract; and the judge, finding that the administrators had not filed an inventory of the personal property, nor an inventory of the real estate belonging to the deceased, describing each tract of land, in compliance with the rules relating to collateral inheritance taxes, and had refused to file such inventories, entered an order, in response to such application, requiring that the administrators file such inventories or show cause why they should not be filed. Subsequently the administrators interposed in said court a resistance to the application of the Treasurer, and a cross-petition, in which they alleged that the only devise of property by testator to a collateral heir, within the terms of the statutory provisions for collateral inheritance taxes, was a devise to Lucia W. Stone, the wife of a son of testator, and that said Lucia W. Stone had renounced all benefit under the will, and refused to accept the devise made to her; and that the widow and surviving heirs of testator and Lucia W. Stone, as devisee under the will, had entered into a mutual declaration and agreement by which the property of the estate should descend to and be distributed among the heirs of testator, subject to the widow's right of dower, as though no will had been made, and that the widow and heirs and said devisee had instituted an action in the district court of the same county to have the last will and testament of Thomas J. Stone, deceased, annulled, set aside, and revoked, and the agreement last above referred to confirmed and established, and to have the descent and distribution of the property belonging to said estate determined and regulated by an order of court, in which action it had been decreed that the administrators proceed to settle and administer the estate according to law and the terms of the agreement so entered into, which decree had been expressly assented to by said widow, heirs, and devisee in

open court. In this resistance and cross-petition it was asked that the prayer of the State Treasurer that the administrators be required to file inventories be denied on the ground that the State Treasurer had no legal or equitable claim for the assessment of any collateral inheritance tax upon or against any of the personal property belonging to the estate or any real property of the deceased, and that the claim and assertion of said State Treasurer be held and found to be without authority in law or equity, and that the assets and property of the estate and of deceased be held and declared to be free and clear of the pretended lien and incumbrance of the said collateral inheritance tax. A motion by the State Treasurer to strike from the files this resistance and cross-petition of the administrators was sustained, and the administrators were directed and required to file under oath an inventory of all personal property of the estate and of all real estate owned by deceased at the time of his death. The present appeal is taken by the administrators from this ruling of the court. *Reversed.*

*Hubbard & Burgess,* for appellants.

*Strong & Whitney,* for appellee.

McCLAIN, C. J.— I. The State Treasurer's motion in this court to dismiss the appeal of the administrators on the ground that the ruling appealed from is not an appealable order has been submitted with the case,

1. APPEAL: orders affecting substantial rights.

and we first proceed to the determination of such motion. By Code section 4101, it is provided that an appeal may be taken from " an order made affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken," and also from " an intermediate order involving the merits or materially affecting the final decision." The application of the State Treasurer

was to compel the administrators to file inventories of the personal property of the estate and of the real property of the deceased. As will appear from our conclusion stated in a subsequent portion of this opinion, the State Treasurer was not interested in the filing of an inventory of the personal property of the estate, unless some portion of such estate was subject to the collateral inheritance tax, and there was no obligation whatever on the part of the administrators to file any inventory of the real property of the deceased, unless by provisions of the will or by the statutes of inheritance some portion of such real property passed to some person, as devisee or otherwise, other than the wife or lineal descendants of deceased. Code section 1467. The resistance and cross-petition of the administrators put in issue the very facts, and all the facts, on which the State Treasurer predicated his right to have inventories filed, and the ruling on the motion to strike this resistance and cross-petition deprived the administrators of any opportunity to show a reason for not filing such inventories in response to the application of the State Treasurer. Certainly, so far as the inventory of the real property was concerned, this ruling conclusively imposed upon the administrators a duty not imposed upon them by law, if their contention in their resistance and cross-petition was well founded; and we have no difficulty, therefore, in reaching the conclusion that the ruling of the trial court striking out the resistance and cross-petition was an order affecting a substantial right in the probate proceeding determining the question involved as to the right of the State Treasurer to have these inventories filed, and preventing a judgment from which an appeal might be taken; for its effect was to finally adjudicate the obligation of the administrators on the application of the State Treasurer to file these inventories. The ruling was also an intermediate order involving the merits and materially affecting the final decision, for it was an adjudication that under the collateral inheritance statutes the administrators were bound to file

such inventories, and a refusal to entertain any showing by the administrators that no portion of the estate of deceased or of his real property was subject to an inheritance tax. The motion to dismiss the appeal is therefore overruled.

II.  In considering the merits of the appeal, the first question suggesting itself is whether, after the renunciation by Lucia W. Stone of all the right or interest which she could

2. COLLATERAL
INHERITANCE
TAX: wills:
waiver of
legacy: agree-
ment for dis-
tribution.

claim under the will, there was any property or interest subject to the collateral inheritance tax.  If her renunciation was valid and effectual, then the entire estate of deceased was to pass to his widow and direct descendants, and no right to or interest in any portion of it could be such that the succession thereto was subject to a tax.  That a devisee or legatee may renounce the devise or legacy, so as to prevent the provision of the will as to such devise or legacy having any effect to pass any interest or title, seems too well settled to leave any room for controversy.  While the assent of the devisee or legatee to a provision apparently for his benefit will be presumed, it is well settled that such assent may be expressly withheld, and the benefits of the will renounced, and in such case no interest whatever passes to the intended beneficiary.  *Defreese v. Lake,* 109 Mich. 415 (67 N. W. 505, 32 L. R. A. 744, 63 St. Rep. 584); *King v. Gridley,* 46 Conn. 555; *Watson v. Watson,* 128 Mass. 152; *Stebbins v. Lathrop,* 4 Pic. (Mass.) 33, 42; *Perry v. Hale,* 44 N. H. 363.  And probate courts may respect and carry out agreements of settlement among the parties interested in the estate by which benefits under the will are renounced. *Ward v. Ward,* 15 Pick. 511.  The collateral inheritance tax is on the right to succession to property, and not on the property itself, and it is collectable out of each specific share or interest, not out of the general property of the estate. *Herriott v. Potter,* 115 Iowa, 648; *In re Westurn's Estate,* 152 N. Y. 93 (46 N. E. 315); *United States v. Perkins,* 163 U. S. 625 (16 Sup. Ct. 1073, 41 L. Ed. 287.  It follows

that, if the renunciation of Lucia W. Stone and the agreement of settlement of the estate to which she was a party were effectual, then she took no interest subject to the inheritance tax, and no such tax could be collected out of the property of the estate or with respect to the real property of the deceased. It is said by Hirschberg, J., in rendering the decision of the Supreme Court of New York, *In re Wolfe's Estate,* 85 N. Y. Supp. 949, 953, reversing the decision of the surrogate affirming the assessment of a transfer tax under circumstances somewhat similar to those involved in the case before us, that:

If no transfer is effected, because it turns out that there is no property to transfer, no tax can be collected; and if the legatee renounce the gift, and refuse to receive it, no tax can be collected with respect to him, because there has been no transfer to him. His right to renounce the privilege of accepting the donation is not denied or forbidden by the statute, and such right is recognized by the authorities, or some of them, which I have cited. On his effective renunciation the title to or ownership of the property of the gift remains in the estate, to be disposed of under the terms of the will, and the succession is taxable in accordance with the nature of the ultimate devolution. The fact that the tax is payable at the death of the testator controls the question of interest, but certainly controls no other question germane to the point now under consideration. There need be no reasonable apprehension that the state government will be seriously embarrassed by renunciations of legacies made in evasion of the law; but, aside from that consideration, it must be borne in mind that the judicial function is essentially expository, and not creative, and that the Legislature can readily provide against the possibility of such evasion, if existing laws are not deemed adequate.

That the renunciation by Lucia W. Stone was effectual cannot be open to question. Not only was her express renunciation filed as a conveyance in the recorder's office, and also in the office of the clerk of the district court, but the agreement by which she, joining with all the other persons

interested in the distribution of the estate and in the real property of the deceased, renounced the provisions of the will and provided for the descent and distribution of decedent's property as though he had died intestate, was made the basis of an independent action in the district court to set aside the probate of the will, and was confirmed by the court in such action. That the district court had jurisdiction in this proceeding is not questioned. These facts are all fully alleged and set out in the resistance and cross-petition of the administrators, and must be assumed to be true in passing upon the correctness of the ruling of the trial court in striking out such resistance and cross-petition. If they are true, then there was no property or interest passing to Lucia W. Stone subject to the payment of any collateral inheritance tax, and, as she was the only beneficiary under the will other than the wife and direct lineal descendants of deceased, the State Treasurer had no interest whatever in the filing of inventories in the probate court by the administrators of the deceased.

Under Code, section 3310, it is the duty of the administrators to file an inventory of the personal effects of the deceased; but that is not a duty in the performance of which the State Treasurer has any interest, unless some property of the estate or of the deceased is to pass to some one not the widow or lineal descendant of the deceased, and the administrators are under no obligation whatever to file any description of the real property of which the deceased died possessed, unless such duty is imposed upon them by the provisions of the statutes as to collateral inheritance taxes. *Herriott v. Potter,* 115 Iowa, 648. So far as the State Treasurer was concerned, the administrators owed no duty to file inventories, unless such duty was imposed upon them under the statutory provisions relating to collateral inheritance taxes. By Code, section 1468, it is made the duty of administrators to file an inventory of all the real estate of the decedent liable to such tax, and by Acts 27th Gen. Assembly (Code Supp.

section 1479a), it is provided that " in all of the estates sub-
ject to the payment of the collateral inheritance tax it shall
be the duty of the executor, administrator, or trustee, to
furnish the clerk of the court a list of the heirs,  .  .  .
and to state therein in a separate column the relationship
which each heir, devisee or legatee bears to the decedent."
The general duty imposed by the section last quoted is
amplified in the rules and regulations relating to the assess-
ment and collection of the collateral inheritance tax, but
these rules evidently have no application in the settlement
of estates not " subject to the payment of the collateral in-
heritance tax," as specified in Code Supp. section 1479a.
It was vital, therefore, in the determination of the question
whether the motion of the State Treasurer to require the
administrators to file inventories should be sustained, to
ascertain whether any portion of the estate of the deceased
or any part of the real property of which he died seised was
to pass in such way as to be subject to the payment of such
tax, and the court should have proceeded to determine such
questions under the facts alleged by the resistance and cross-
petition of the administrators, and should not have stricken
such resistance and cross-petition from the files and re-
quired the administrators to file inventories under the bare
allegations of the motion of the State Treasurer that one-
third of the estate was devised to a collateral heir and was
subject to the collateral inheritance tax, and that the devisee
accepting the provisions of the will and acting thereunder
had proceeded with the settlement of the estate in the usual
manner, and that the administrators had failed and refused
to file an inventory of the real property of the deceased.

The ruling and order of the lower court, appealed from,
is therefore *reversed.*