## In re LAGE.

District Court, N. D. Iowa, Cedar Rapids Division. April 12, 1927.

### No. 1612.

1. Wills ⊙⇒188—Survivor, taking property under joint reciprocal will, held under covenant not to revoke such will.

Where husband and wife made a joint, mutual, and reciprocal will, by which all property owned by either or both was left unconditionally to the survivor of them, and after the death of the survivor to other beneficiaries named, on the death of one, the other took the property thereunder on a binding covenant not to revoke the will so jointly made.

2. Bankruptcy ⊙⇒143(9)—Bankrupt held to have no interest which passed to her trustee in property left her by a joint will, one of the makers of which was living.

The father and mother of bankrupt made a joint and reciprocal will, by which all their property was left to the survivor of them absolutely. It further provided that on the death of the survivor it should be divided between their children as therein specified. Bankrupt was devised a described tract of land, and was also to receive a payment from another devisee and a share of the residuary estate. *Held* that, as to her, the will spoke only from the death of the surviving parent, and that during his life she had no interest in any of the property, which she could dispose of, which could be seized by creditors, or which passed to her trustee.

In Bankruptcy. In the matter of Alma M. S. Lage, bankrupt. On specifications of objections to petition for discharge and demurrer thereto. Demurrer sustained, and specifications dismissed.

C. J. Lynch (of Johnson, Donnelly & Lynch), of Cedar Rapids, Iowa, for bankrupt.

C. O. Boling, of Tipton, Iowa, for opposing creditors.

SCOTT, District Judge. On the 25th day of October, 1926, Alma M. S. Lage was adjudicated a voluntary bankrupt. The bankrupt scheduled no property. On the 3d day of December, 1926, the bankrupt filed her petition for discharge in regular form. Notice of the petition was duly given, and E. F. Broders, a creditor, who had proved his claim, entered his appearance on the 10th day of January, 1927, and within the required time thereafter filed specifications of grounds of opposition to discharge.

Briefly stated, the grounds of opposition are that the bankrupt scheduled no assets, whereas she was the owner of a vested interest in 80 acres of land and certain moneys at and before the time of her adjudication, and that such land and moneys were not listed; "that said vested interest in said lands and moneys is based on the said joint will of her parents, wherein the said Alma M. S. Lage is devised and bequeathed said land and said moneys; that her mother, one of the parties to said will, is deceased, and her estate has been administered upon, and her father, who is now living, consented in writing to said will and accepted beneficial interests from his deceased wife's estate." The specifications further allege "that the said Alma M. S. Lage had full knowledge of said will and the provisions thereof, and the aforesaid facts, at the time she filed her petition in bankruptcy and at all times since, and that she at no time reported the aforesaid facts concerning said will and the property devised to her therein in this bankruptcy matter, and that by reason of the foregoing facts the said E. F. Broders does hereby state that the said Alma M. S. Lage, bankrupt, concealed the property herein alleged to have been devised and bequeathed to her by virtue of said will, with intent to hinder, delay, or defraud her creditors." The specifications then proceed to set out the joint and reciprocal will of the parents of the bankrupt, and make the same a part of said specifications.

The will in question is both joint and reciprocal, or mutual, and the provisions most material to the present consideration are paragraphs 2, 6, 8, and 10. These paragraphs are in the following language:

"2. The party dying first does hereby give, devise and bequeath unto the survivor, all the real, personal or mixed property that the said party dying first dies seized or possessed of and wherever the same may be found or located. All of such property is to belong to the survivor absolutely."

"6. The survivor of us does hereby give, devise and bequeath unto Adolf F. Petersen the south half of southeast quarter of section 8, township seventy-nine north, range one west of the 5th P. M.; also west half of southwest quarter of section nine, township seventy-nine north, range one west of the 5th P. M., provided the said Adolf F. Petersen pays to Ernest F. Petersen, Mable L. Petersen, George H. Petersen, Viola S. Petersen, Alma L. Lage and Mary Elsie Gruemmer, the sum of seventeen hundred dollars each; said amounts to be paid to said parties within a reasonable time after the death of the survivor of us and the said respective parties are to have a lien against said described real estate devised to the said Adolf F. Petersen for the amounts due them."

"8. The survivor of us does hereby give, devise and bequeath unto Alma L. Lage the east half of southwest quarter of section thirteen (13), township ninety-five (95), range forty (40), O'Brien county, Iowa."

"10. All the rest, residue and remainder of all real, personal or mixed property that the survivor of us may die seized or possessed of is hereby given, devised and bequeathed unto our children, to wit: Ernest F. Petersen, Mable L. Petersen, George H. Petersen, Adolf F. Petersen, Viola S. Petersen, Alma L. Lage and Mary Elsie Gruemmer, share and share alike."

Other paragraphs of the will in like manner dispose of five other 80-acre tracts of land to five other children. Paragraph 6 of the will disposes of an additional 80 acres of land to Adolf F. Petersen upon condition of his paying certain sums to his brothers and sisters. The will also has a residuary paragraph.

The bankrupt has filed a demurrer to the specifications in question, which was argued and duly submitted and is now here presented for determination. The question presented is whether the joint and reciprocal will of Ferdinand and Mary S. C. Petersen, following the death of Mary S. C. Petersen and while Ferdinand Petersen held under the will, vested an interest in the bankrupt which might be levied upon under execution against her, and thereafter be vested in her trustee in bankruptcy?

As stated, the will in question was not only joint, but mutual and reciprocal. Whether all of the property stood jointly in the name of the testators, or whether all in one testator, or partly in one and partly in the other, does not appear on the record here presented. I do not think in the circumstances that, however, is a material fact, as it will be presumed that each testator had some interest in the property. That joint and joint and reciprocal wills are valid in the state of Iowa is now well settled. The two leading cases dealing with such wills are Baker v. Syfritt, 147 Iowa, 49, 125 N. W. 998, and Campbell v. Dunkelberger, 172 Iowa, 385, 153 N. W. 56.

[1] Upon examination of these cases I draw the conclusion that in the instant case a proper interpretation of the will would require the conclusion that upon the death of Mary S. C. Petersen, the wife, Ferdinand Petersen, the husband, took the lands and personal property devised and bequeathed upon a binding covenant not to revoke the will so jointly made.

[2] This conclusion, however, does not dispose of the question as to the nature of the right vesting in the several beneficiaries after the death of the mother, but before the death of the father. In determining this question, I think certain fundamental and settled principles of law should be kept in view. There is a fundamental principle of the law of wills, well settled in this state, concerning which pronouncement was made as early as the year 1857. In Lorieux v. Keller, 5 Iowa, 196, 68 Am. Dec. 696, Mr. Justice Stockton, speaking for the Supreme Court of the state, said: "The will, whenever dated or published, takes effect only at the death of the testator. 'A will shall have relation only to the testator's death, and not to the making, * * * for, till his death, he is the master of his own will, and therefore the will of a Papist, in Ireland, was held to be avoided by a subsequent statute, made in that kingdom, which enacts that the lands of a Papist there shall not be devisable, but descend in gavelkind.' 10 Bacon's Ab., title 'Wills,' p. 479."

Of course, in a case of a joint reciprocal will, the quoted sentence may go too far. Nevertheless the very idea of disposition by will is inconsistent with a present grant. Another proposition has been settled in this state, and that is that a devisee or legatee may renounce the devise or bequest upon the death of the testator, even though the effect of such renouncement may destroy the hopes and prospects of creditors. Schoonover v. Osborne, 193 Iowa, 474, 477, 478, 187 N. W. 20, 27 A. L. R. 465.

It is a further canon of consideration in this state that, in the interpretation of a will, the intention of the testator must be sought and arrived at, and that all provisions of the will, if reasonably possible, must be given effect. In the instant case it will first be noticed that in the second paragraph the party dying first devises and bequeaths all property, real and personal, to the survivor, with the concluding statement that "all of such property is to belong to the survivor absolutely." The succeeding paragraphs then proceed to provide for disposition at the death of the survivor. That disposition, however, is in the form of a devise and bequest, with the further provision that, upon the death of any devisee, the devised land or money shall descend as therein specified.

Taking into consideration the entire instrument in the light of the decisions in Baker v. Syfritt and Campbell v. Dunkelberger, supra, I am constrained to the conclusion that it was not the testamentary in-

tent that any alienable interest in the estate should pass to the children until the death of the surviving parent. The will appears to be efficiently and competently drawn. It specifically declares that the survivor shall take the property absolutely, and, while it then proceeds to provide for disposition of the survivor, it then proceeds to provide for such disposition by will. The late Mr. Justice Weaver, speaking for the Iowa Supreme Court in Baker v. Syfritt, seems to have expressed the thought when interpreting a will substantially the same in its provisions. In that case Justice Weaver says: "Coming a step nearer to the case in hand, we see no good reason why husband and wife may not agree to unite their separate estates in the creation of a trust for the benefit of a third person, who shall come into the legal title and right of possession upon the death of the survivor."

I think it universally recognized that one of the principal considerations that control parents in the testamentary disposition of their property is a desire to bestow their bounty upon their offspring, at the time of death. This purpose is not always controlled by the mere selfish desire to hold onto their own through life, but often to guard against the improvidence of youth and early life of children. Disposition by will at death is in its nature inconsistent with the idea that the estate or property so disposed of should be seized upon and taken by creditors of the beneficiaries before ever they come into it. If such policy were to prevail, from the very nature of the subject seized or levied upon, great sacrifice must attend its sale and liquidation. Again, it seems inconsistent to assume in such case that the devisee's right may be seized by his creditors before the death of the testator, and sold to satisfy the devisee's debt, and then that the devisee may, on the death of the testator, even when he may do so with impunity, renounce the bequest and defeat the creditors' title.

I think a will such as the one present in the instant case is not equivalent to a present grant, which may be levied upon, and which passes the property to a trustee in bankruptcy, but is rather in the nature of a binding covenant or trust, is testamentary in its nature, and suspends the benefit until the death of the surviving testator under the joint will.

It is therefore ordered that the demurrer to the specifications be and it is hereby sustained, and the specifications of objections to discharge dismissed.