Adda Coomes died intestate on January 26, 1941, seized of about 91 acres of land in Carroll County, Iowa, and left surviving her husband, the plaintiff, seven children, and the children of a deceased daughter. Prior to the death of the intestate, the defendant Dreesen had procured a judgment in the district court of Carroll county against Albert Miller and wife, Lola Miller. The latter was a daughter and an heir of the intestate. On March 18, 1941, Lola Miller filed in the office of the clerk of said district court the following instrument: *Page 450 
"I, Lola Miller, do hereby definitely and finally renounce and reject any and all right of inheritance which I might or could have as heir at law of Adda Coomes, deceased; and I renounce and reject any and all right, title or interest which I might or could claim in any property, either real or personal, of which the said Adda Coomes died seized or possessed."
It was executed by Lola Miller on March 14, 1941.
There is no dispute as to the facts. In addition to the facts already stated, it was stipulated that letters of administration were issued on February 8, 1941; all of the heirs of the intestate except Lola Miller, on April 29, 1941, executed and delivered to the plaintiff a quitclaim deed to all of their interest in said real estate, which deed he had recorded about that time; Lola Miller made no affirmative action in any way toward claiming or doing anything with the property involved prior to her renunciation or thereafter; on August 15, 1941, the execution and levy was made upon the alleged one-twelfth interest of Lola Miller in said real estate; and on September 17, 1941, the injunction was issued and served.
The defendant Dreesen alleged that the purported renunciation was made without consideration, with intent to defraud this defendant, and to defeat the collection of the judgment; that it in no way affected his prior and superior right, or the validity of his judgment lien, or execution levy. There is no proof respecting consideration or of any intent to defraud creditors.
[1] I. The only question presented for determination is whether or not a child who takes an interest in real estate from an intestate parent, under the Iowa statutes of descent, can, by renunciation of that interest, defeat the lien of a prior judgment.
Counsel inform us that this court, so far as they can determine, has never answered the question, and that after long and diligent research they are confident in asserting that the point has not been directly passed upon in the United States and that any reference to this question of law in any case is pure dictum. In quite an extensive search, we have had no better success than counsel. Questions closely akin to this one have been determined in this state and elsewhere. *Page 451 
 [2] A testamentary trust, bequest, or devise may, prior to any act of acceptance, be renounced by the beneficiary, so long as there is no estoppel, or fraud, or collusion for the benefit of the renouncer, and such renunciation when made will revert back to the death of the testator and will displace the lien of any personal judgment against the beneficiary existing at that time or of any levy upon the property made subsequent thereto. Such a renunciation will prevent the testamentary disposition from having any effect to pass any title or interest, and, since it relates back to the death of the testator, or the taking effect of the gift, there is nothing to which a lien or levy may attach. Renunciation is not an assignment, contract, or conveyance, and is not the equivalent of a transfer by a debtor to defeat his creditors. Creditors have no right and courts have no jurisdiction to control the right of such beneficiary to accept or to refuse such a gift. It is true that one is presumed to have accepted a gift, testamentary or otherwise, which is beneficial to him, yet he may withhold indicating such acceptance or assent, and upon renunciation the presumption is displaced as of the death of the testamentary donor or of the time of making the gift.
The following decisions of this court fully sustain the above-made statements: In re Estate of Stone, 132 Iowa 136, 140,141, 109 N.W. 455, 457, 10 Ann. Cas. 1033; Mohn v. Mohn, 148 Iowa 288,300, 126 N.W. 1127; Schoonover v. Osborne, 193 Iowa 474,477, 187 N.W. 20, 27 A.L.R. 465; Funk v. Grulke, 204 Iowa 314,316, 213 N.W. 608; Lehr v. Switzer, 213 Iowa 658, 660,239 N.W. 564, 566; In re Estate of Murphy, 217 Iowa 1291, 1293,252 N.W. 523; Bogenrief v. Law, 222 Iowa 1303, 1306, 271 N.W. 229; McGarry v. Mathis, 226 Iowa 37, 43, 282 N.W. 786; Brown v. Kalene,230 Iowa 76, 296 N.W. 809; In re Lage, Iowa D.C., 19 F.2d 153, 154; In re Meiburg, Iowa D.C., 1 F. Supp. 892, 895. They have the support of the weight of authority in other jurisdictions, although there is quite a strong minority. See annotations in 27 A.L.R. 472, 67 A.L.R. 1226, 133 A.L.R. 1428. Such a renunciation has been held effective to defeat a collateral-inheritance, or other succession, tax. See In re Estate of Stone, supra, 132 Iowa 136,109 N.W. 455; People v. Flanagin, 331 Ill. 203,162 N.E. 848, *Page 452 
60 A.L.R. 305; In re Wolfe's Estate, 89 App. Div. 349, 85 N.Y. Supp. 949, 953; Brown v. Routzahn, 6 Cir., Ohio, 63 F.2d 914, 915. Such a tax ordinarily takes effect as of the death of the testator. In re Estate of Wells, 142 Iowa 255, 120 N.W. 713. In Lehr v. Switzer, supra, 213 Iowa 658, 239 N.W. 564, the judgment creditor had acquired a sheriff's deed to the land devised to a beneficiary two years before the renunciation, but the renunciation was held to defeat the deed.
II. In Gottstein v. Hedges, 210 Iowa 272, 228 N.W. 93, 67 A.L.R. 1218, the grantor conveyed by deed a tract of land subject to the grantee's paying to himself, as trustee for a beneficiary, $25,000 within ten years after the death of the grantor, with annual interest payable to the beneficiary. The grantee accepted the deed with the obligation, and recorded it on May 22, 1926, after the death of the grantor. Before the deed was executed there were two judgments against the beneficiary. Another judgment was secured after the execution of the deed but before the death of the grantor. A fourth judgment was purchased by the grantee on May 26, 1926. On February 9, 1928, the beneficiary executed a renunciation of "any and all benefits, interest, gifts and annuities which do, may or might accrue to her" under the deed. It was stipulated that the beneficiary had never received any part of the income from the trust, and that the trustee held no such income, and that the beneficiary had never signified her intentions toward the trust until her renunciation. The plaintiff, in July 1926, began an equitable action under section 11815, Code, 1927, in the nature of a creditor's bill to subject the property to his judgment, and thereby obtained a specific equitable lien upon it. The court held that the renunciation defeated any rights of the plaintiff. Justice DeGraff filed a persuasive dissent on the law and the facts.
In Shedenhelm v. Cafferty, 174 Iowa 195, 201, 203,156 N.W. 340, 343, the surviving widow, by refusing to take under the will, was allotted as her distributive share 140 acres of land absolutely, in which the will had given her but a life estate with the remainder to all of the children. One son, Oscar, was given nothing except this remainder interest. Necessarily, this remainder was eliminated when the widow took fee title, requiring *Page 453 
contribution from the other devisees to make it up. The children, including Oscar, mutually agreed that none would claim compensation from another. The court held that "such liens [prior judgments] * * * could not be defeated by the mere agreement or waiver of the debtor."
In Schoonover v. Osborne, supra, 193 Iowa 474, 477,187 N.W. 20, 22, 27 A.L.R. 465, the appellee strongly relied on the Shedenhelm ruling, but that decision was distinguished by holding "there was no renunciation in the Shedenhelm case, but an attempt, by waiver, to pass the interest of a devisee to the mother."
[3] III. It is also the holding of this court, and of courts generally, that the legacy or devise which is released becomes intestate property and passes to the heirs or next of kin, including the legatee or devisee, if he be such. Brown v. Kalene, supra, 230 Iowa 76, 79, 296 N.W. 809; Lehr v. Switzer, supra,213 Iowa 658, 663, 239 N.W. 564.
[4] IV. We have also held that a surviving husband may elect between the provisions made for his benefit in the will of his deceased wife and his statutory rights in her estate, and his creditors cannot control this right, although by the will he would take nothing which they might subject to their claims and by an election to take under the statute the contrary would be true. Robertson v. Schard, 142 Iowa 500, 119 N.W. 529, 134 Am. St. Rep. 430.
[5] V. We have also held that an expectant heir may, by an agreement with the one from whom he expects to inherit, for a consideration, release or bar himself by estoppel from claiming his intestate share. While nothing passes at the time, and the expectant heir has no interest or estate in esse, and nothing but a naked possibility or expectancy, the assignment, whether it be to the ancestor or to another, if fair to and without fraud upon the assignor, and for adequate consideration, will be enforced by a court of equity, after the estate vests. No creditor, of course, could have any rights against such a naked possibility. See Stolenburg v. Diercks, 117 Iowa 25, 90 N.W. 525; Hickey v. Davidson, 129 Iowa 384, 105 N.W. 678; Calhoun v. Taylor, 178 Iowa 56,159 N.W. 600; Patterson v. Carr, 189 Iowa 69, 176 N.W. 265; Jones v. Jones, 46 Iowa 466, 472; *Page 454 
Mally v. Mally, 121 Iowa 169, 96 N.W. 735; Betts v. Harding,133 Iowa 7, 109 N.W. 1074; Edler v. Frazier, 174 Iowa 46, 59,156 N.W. 182; Richey v. Rowland, 130 Iowa 523, 525, 107 N.W. 423; Lee v. Lee, 207 Iowa 882, 885, 223 N.W. 888; Gannon v. Graham,211 Iowa 516, 231 N.W. 675, 73 A.L.R. 1050.
In Koep v. Koep, 146 Iowa 179, 123 N.W. 174, the widow, who might have been entitled to a distributive share in her husband's estate in addition to the provisions of the will for her benefit, was estopped by her conduct, relied upon by others interested in the estate, from asserting any right to such distributive share, regardless of any formal election to take it.
In McDowell v. McDowell, 141 Iowa 286, 119 N.W. 702, 31 L.R.A., N.S., 176, 133 Am. St. Rep. 170, a husband on his deathbed called his wife and mother to his side and stated to them that he wished his wife to have all of his property, both real and personal, and to keep it. His wife accepted and his mother said that it was right and agreeable to her. Had the mother not agreed, the husband could have made a will giving her nothing. We held the mother was estopped thereafter to claim any of the property as an heir. This was purely estoppel as there was no consideration.
[6] VI. In Iowa, and generally elsewhere, the title to a decedent's real estate, whether he die testate or intestate, including the right of dower, vests in the heir, devisee, or spouse instantly upon the death of the decedent, subject, of course, to the payment of his debts, and costs of administration, etc. The right or interest of the spouse may be defeasible because of certain elective rights which he or she may take advantage of. In re Estate of Wells, supra, 142 Iowa 255, 259,120 N.W. 713; Harrington v. Clark, 199 Iowa 340, 344,202 N.W. 84; Otto v. Doty, 61 Iowa 23, 26, 15 N.W. 578; Herriott v. Potter, 115 Iowa 648, 650, 89 N.W. 91; Ferry v. Campbell,110 Iowa 290, 296, 81 N.W. 604, 50 L.R.A. 92; In re Estate of Duffy,228 Iowa 426, 435, 292 N.W. 165, 128 A.L.R. 943; In re Estate of Schwertley, 228 Iowa 1209, 1215, 293 N.W. 445; Hausen v. Dahlquist, 232 Iowa 100, 5 N.W.2d 321, 324, 141 A.L.R. 1304; Van Veen v. Van Veen, 213 Iowa 323, 333, 236 N.W. 1, 238 N.W. 718; Crouse v. Crouse, 219 Iowa 736, 740, *Page 455 259 N.W. 443, 445; Prichard v. Anderson, 224 Iowa 1152, 1154, 1155,278 N.W. 348; Hale v. Campbell, 8 Cir., Iowa, 127 F.2d 594, 596.
While the title of a devisee vests immediately on the death of the testator, it is, as we have noted, but a tentative vesting, until there is some definite act of acceptance. Every devise or bequest is optional with the donee. When it is definitely renounced, such vesting of title as theretofore existed is divested as completely as though it had never existed, carrying away with it the liens of such personal judgments or levies as may have previously attached.
[7] VII. Under section 11602, Code, 1939, the judgment of the appellee Dreesen, of record as it was in the district court of Carroll county, in which county the land was situated, attached eo instante on the intestate's death and coincident with the vesting of the title to the inheritance in the heir and judgment debtor. Both the lien and the title vested by operation of law. The vesting of the title required no assent or acceptance by Lola Miller. So far as disclosed by the record, that title was indefeasible in her as against any requirements of proper administration of the estate of her mother. Such a title can be lost by prescription, or adverse possession, or perhaps by estoppel — none of which ever took place. She could part with title by intestacy, testamentary disposition, gift, contract, conveyance, and perhaps by other ways. But none of these ever took place, and even though they had taken place, the title would have passed subject to and burdened with the lien of Dreesen's judgment.
It is our judgment that the renunciation was not effective to destroy the lien of the judgment and that Lola Miller took her one-twelfth interest in the real estate of her mother subject to and burdened therewith, and that the appellant took no title to Lola Miller's one-twelfth interest by the quitclaim deed given by the other heirs.
In support of our conclusion, we call attention to the following language by an eminent authority on the law of real property, Emory Washburn, 3 Washburn, Real Property, 6th Ed., 4, section 1829, to wit:
"Heir's Title independent of his own Act. — An heir at law *Page 456 
is the only person who, by the common law, becomes the owner of land without his own agency or assent. A title by deed or devise requires the assent of the grantee or devisee before it can take effect. But in the case of descent, the law casts the title upon the heir, without any regard to his wishes or election."
The author cites in support of his statement, Williams, Real Property, 75, and 2 Blackstone's Commentaries 201.
In Stolenburg v. Diercks, supra, 117 Iowa 25, 31, 90 N.W. 525,526, we said:
"But the right to inheritance or succession does not rest on the contract, but is derived from positive law * * *."
The court stated in Greene v. King, 104 Conn. 97, 102,132 A. 411, 413:
"It is familiar law that the will is the source of the beneficiaries' title in the case of testate estates, while in intestate estates the source of title is the statute."
The Supreme Court of California, in Johns v. Scobie, 12 Cal.2d 618,623, 86 P.2d 820, 822, 121 A.L.R. 1404, said:
"The decedent died intestate, and upon his death title to the property became vested in his heirs * * * whether such heirs were known or unknown. (State v. Miller, 149 Cal. 208, [85 P. 609].)"
The appellees and the trial court cite Defreese v. Lake,109 Mich. 415, 67 N.W. 505, 32 L.R.A. 744, 748, 63 Am. St. Rep. 584, which, by way of obiter, quotes the above passage from Washburn. They also cite McQuiddy Printing Co. v. Hirsig, 23 Tenn. App. 434,442, 134 S.W.2d 197, 202, a decision by the court of appeals. It appears therein that plaintiff had a debt against Lawrence Hirsig of about $11,000. His mother bequeathed and devised to Lawrence and his two brothers an estate of the value of about $15,000, consisting of land and personalty. Owing to the fact that Lawrence was indebted to his mother in excess of his share of the estate, he and his wife executed, about three months after his mother's death, an instrument releasing, quitclaiming, and conveying unto his two *Page 457 
brothers, all interest and right of every kind which he had or might have in his mother's estate. The plaintiff sought to have his share subjected to its debt, and attached the land. There was an issue raised as to whether the devise passed by the worthier title, that is, by descent, rather than by will. The court held that it passed by will, so that what it said, as hereinafter quoted, was not necessary to the final decision of the court. Furthermore, the court held that the instrument was a conveyance and a recognition, acceptance, and affirmance of the devise, and not a renunciation. However, the court said:
"The first proposition to be considered is whether Lawrence Hirsig held his interest in the estate, if any, as devisee or by inheritance, as the solution of this question will greatly aid in determining whether he has any interest. If he holds the same estate by devise that the law casts on him by descent, he is in by descent and not by devise. Hoover's Lessee v. Gregory, 10 Yerg., 444. If he takes by descent he cannot renounce his interest so as to defeat his creditors. Such estate vested in him immediately upon the decease of his mother. In that respect his position differs from an assignee or devisee of the estate, who has the right to elect whether he will receive the estate or not, and can never have it forced upon him against his will. Bingham on Laws of Descent, 1 to 3; 3 Washburn on Real Property (6th Ed.), sec. 1829; 1 Jones' Blackstone 984, sec. 285 (2 Bl. Com. 201); 18 C.J. 876-877, secs. 132, 133."
The language is purely obiter dictum, but we cite it for what it is worth. The case had not since been cited.
We are satisfied that under our own decisions and the statutes of Iowa, and such authority as we have noted, and the dictates of sound principles of law, the decree of the trial court should be affirmed. It is so ordered. — Affirmed.
 All JUSTICES concur. *Page 458