**In the Matter of the ESTATE OF Theresa OPATZ, a/k/a Theresa G. Opatz, Deceased.**

**Anne SPELDRICH, Petitioner and Appellant,**

v.

**Lucille SPELDRICH, Respondent and Appellee.**

Civil No. 960109.

Supreme Court of North Dakota.

Oct. 22, 1996.

David F. Senn (argued), of Senn Law Office, Dickinson, for petitioner and appellant.

Edmund G. Vinje of Vinje Law Office, Fargo, for respondent and appellee. Submitted on briefs by Edmund G. Vinje.

MARING, Justice.

Anne Speldrich appealed from a district court judgment upholding Lucille Speldrich's renunciation of property devised to her by Theresa Opatz. We hold that Anne Speldrich's judgment lien and garnishment proceedings against the devised property did not constitute encumbrances barring Lucille Speldrich's right to renounce, and we affirm.

Theresa Opatz devised certain real and personal property to Lucille Speldrich. Prior to Opatz's death in April 1994, Anne Speldrich obtained a money judgment against Lucille Speldrich. The judgment was filed, and under Section 28–20–13, N.D.C.C., became a lien against Lucille Speldrich's real property. After Opatz's death, Anne Speldrich served upon the estate's personal representative a garnishment summons and disclosure statement "for the purpose of attaching and collecting the sums that [she] would be entitled to from the estate to satisfy the Judgment." Thereafter, Lucille Speldrich renounced, under Section

30.1–10– 01(1), N.D.C.C.,[1] her right to all property devised to her in Opatz's will.

Anne Speldrich filed a motion for summary judgment to set aside Lucille Speldrich's renunciation. Lucille Speldrich filed a cross-motion for summary judgment to declare the renunciation valid. The lower court determined there were no genuine issues of material fact and held that, as a matter of law, the renunciation was valid and effective under North Dakota law. Anne Speldrich appealed.

Anne Speldrich asserts her judgment lien against Lucille Speldrich's property and the lien created by service of the garnishment summons and notice against Lucille Speldrich's personal property constitute encumbrances preventing Lucille Speldrich from renouncing her interest in the property because of the statutory bar to renunciation under Section 30.1–10–01(4)(a), N.D.C.C., which in 1994, provided:

"4. a. The right to renounce property or an interest therein is barred by any of the following:

"(1) An assignment, conveyance, encumbrance, pledge, or transfer of the property or interest, or a contract therefor.

"(2) A written waiver of the right to renounce.

"(3) An acceptance of the property or interest or benefit thereunder.

"(4) A sale of the property or interest under judicial sale made before the renunciation is effected."

Lucille Speldrich argues she did nothing to encumber the property devised to her by Opatz and, therefore, is not barred by this statute from renouncing her interest in it.

■ Summary judgment is appropriate if the only question to be decided is a question of law. *American State Bank & Trust Co. of Williston v. Sorenson*, 539 N.W.2d 59, 61 (N.D.1995). The interpretation and application of a statute is a question of law fully reviewable on appeal. *Matter of Estate of*

*Krueger*, 529 N.W.2d 151, 153 (N.D.1995). The primary goal in construing a statute is to ascertain the Legislature's intent. *Berg Transport, Inc. v. North Dakota Workers Compensation Bureau*, 542 N.W.2d 729 (N.D.1996). We construe statutes as a whole to determine the legislative intent, and provisions must be harmonized, if at all possible, to give full force and effect to each provision. *Capital Electric Coop., Inc. v. Public Service Commission*, 534 N.W.2d 587 (N.D.1995). We make every effort in construing a statute to give each word, phrase, clause, and sentence meaning and effect. *Stewart v. Ryan*, 520 N.W.2d 39 (N.D.1994).

■ Section 30.1–10–01(4)(a), N.D.C.C., unambiguously provides an encumbrance of the property bars the right to renounce the property. However, there is a latent ambiguity in applying the statute to the circumstances of this case. Anne Speldrich asserts that a judgment lien against real property and a garnishment lien against personal property are encumbrances which bar the devisee debtor from renouncing her interest in the property. Lucille Speldrich argues that only encumbrances which are created by an affirmative act of the person attempting to disclaim the property, not those arising from actions of third parties, bar the right to renounce.

Section 30.1–10–01, N.D.C.C., is part of our state's adoption of the Uniform Probate Code. Section 30.1–01–01, N.D.C.C. The drafter's comments to the Uniform Probate Code § 2–801, from which our renunciation statute was derived, support the interpretation that only an encumbrance created by an act of the person attempting to disclaim bars renunciation:

"... Subsection (d) provides that *various acts of a person entitled to disclaim* in regard to property or an interest therein, such as making an assignment, conveyance, encumbrance, pledge or transfer of the property or interest, or a contract therefor, bars the right of the person to

---

1. In 1994, this statute provided in relevant part: "A person ... who is an heir, devisee, person succeeding to a renounced interest, beneficiary under a testamentary instrument ... may re-

nounce, in whole or in part, the right of succession to any property or interest therein, including a future interest, by filing a written renunciation under this section."

816

disclaim and is binding on all persons claiming through or under him." (emphasis added)

Comment to subsection (d) Uniform Probate Code (U.L.A.) § 2–801. The comment explains that the intent of the subsection is to bar renunciation when the person attempting to disclaim has encumbered the property or has otherwise acted inconsistently with renouncing her interest in the property.

■ We construe uniform statutes and model acts in the same manner as courts in other jurisdictions to provide consistency and uniformity in the law. Section 30.1–01–02(2)(e), N.D.C.C.; *Zuger v. North Dakota Ins. Guar. Ass'n*, 494 N.W.2d 135 (N.D.1992). It is appropriate for us to look at other jurisdictions who have construed similar provisions of their uniform acts as a guide to interpreting our law.

■ Construing the Indiana disclaimer section in accord with the drafter's comments, the Indiana Court of Appeals in *Frances Slocum Bank v. Martin*, 666 N.E.2d 411, 414 (Ind.App.1996), stated:

"The comments make it clear that it is an *encumbrance created by the disclaimant*, not a third party, that bars a disclaimer. This is consistent with the provision that bars a disclaimer after accepting the interest or its benefit.... Thus, even if an equitable lien was created in the property before Martin disclaimed his interest, it was not an encumbrance created by him and does not bar his disclaimer. And, once Martin disclaimed his interest, Estate did not owe property to Martin against which Bank could enforce the equitable lien." (emphasis in original)

The Georgia Court of Appeals in *Brown v. Momar, Inc.*, 201 Ga.App. 542, 411 S.E.2d 718, 721 (1991), similarly interpreted its statute:

"Viewed as a whole, paragraph (d) refers to acts of the *disclaimant* that would be inconsistent with an intent to renounce a property interest.... Accordingly, we hold that the term 'encumbrance' in OCGA § 53–2–115(d)(1) refers to an encumbrance placed on the property by the disclaimant, not an encumbrance existing at the time of

the decedent's death. Adoption of the construction urged by appellee—that the statute refers to pre-death encumbrances—undoubtedly would render most properties ineligible for renunciation, which would be inconsistent with the apparent legislative purpose of facilitating disclaimer for tax planning purposes ... and with the broad renunciation rights long established at common law." (emphasis in original) (citations omitted)

*See also Tompkins State Bank v. Niles*, 127 Ill.2d 209, 130 Ill.Dec. 207, 215, 537 N.E.2d 274, 282 (1989). We believe the reasoning of these courts is sound, and we conclude that under Section 30.1–10–01(4)(a)(1), N.D.C.C., only an encumbrance created by the person attempting to disclaim the property, not an encumbrance created by a third party, constitutes a bar to renunciation.

■ Our interpretation of subpart (1) of Section 30.1–10–01(4)(a), N.D.C.C., that a lien created by third parties is not an "encumbrance" under the statute which bars the debtor's right to renounce is supported by and in harmony with subpart (4) of the same statute. The right to renounce an interest in property is barred under subpart (4) by "a sale of the property or interest under judicial sale made before the renunciation is effected." If a judgment lien or other lien created by a third party constituted an "encumbrance" which, under subpart (1), barred renunciation by the debtor, then subpart (4) would have no application because the right to renounce would be barred upon creation of the liens and a subsequent judicial sale would be irrelevant to that purpose. Statutes must be read to give effect to all provisions so that no part of a statute is inoperative or superfluous. *Trinity Medical Center, Inc. v. Holum*, 544 N.W.2d 148 (N.D.1996). Our interpretation that third party liens are not encumbrances which bar renunciation under subpart (1) gives meaning and purpose to subpart (4) which bars renunciation only when a judicial sale is accomplished before the renunciation.

■ Our interpretation of Section 30.1–10–01(4)(a), N.D.C.C., is also consistent with our prior holding that a renunciation of an interest in property is not a fraudulent

transfer of assets, the renouncer's creditors cannot claim any rights to the renounced property, and the motive underlying the renunciation is not relevant to the right to renounce. *Nielsen v. Cass County Social Services Board*, 395 N.W.2d 157, 159 (N.D. 1986). But compare, *Pennington v. Bigham*, 512 So.2d 1344 (Ala.1987) (judgment lien defeated renunciation executed for the purpose of defeating creditor's rights).

Anne Speldrich cites *Coomes v. Finegan*, 233 Iowa 448, 7 N.W.2d 729 (1943), to support her argument that a judgment lien against the property defeats the debtor's right to renounce an interest in the property. However, a careful reading of *Finegan* reveals that it is actually contrary to Anne Speldrich's position. The Iowa Supreme Court in *Finegan* differentiates between properties received by an heir through intestate succession and those received by a devisee through a will. The court concluded that a renunciation of property received by inheritance is not effective to destroy a judgment lien arising against the property prior to the decedent's death. However, the court also recognized that a party who has been devised property under the deceased's will can renounce her interest in the property and thereby divest herself of title in it "as though it had never existed, carrying away with it the liens of such personal judgments or levies as may have previously attached." *Coomes*, 7 N.W.2d at 732. Lucille Speldrich received the disputed property by devise under Opatz's will. Consequently, even if we followed the rationale of the *Coomes* decision, Lucille Speldrich, as devisee, could renounce her interest in the devised property, thereby divesting herself of title to it and "carrying away with it the liens" of Anne Speldrich.

We hold that neither Anne Speldrich's judgment lien nor her service of garnishment summons and disclosure statement created encumbrances which, under Section 30.1–10–01(4)(a)(1), N.D.C.C., barred Lucille Speldrich's right to renounce her interest in the property. Consequently, we affirm the judgment of the district court upholding Lucille Speldrich's renunciation of the property.

Lucille Speldrich requests this court to award her "costs and reasonable attorney fees on this appeal under N.D.R.App.P. 38 and 39." Under Rule 38, N.D.R.App.P., this court may award costs, including reasonable attorney fees, if an appeal is frivolous. An appeal is frivolous if it is "flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which could be seen as evidence of bad faith." *Wingerter v. North Dakota Dept. of Transp.*, 530 N.W.2d 362, 365 (N.D.1995). Anne Speldrich's appeal was supported by rational argument and supporting authority. It was not flagrantly groundless or devoid of merit. Consequently, the request for costs and attorney fees under Rule 38, N.D.R.App. P., is denied. Under Rule 39, N.D.R.App.P., costs are taxed against the appellant when a judgment is affirmed, unless otherwise ordered. Consequently, costs shall be taxed against Anne Speldrich in this case as provided under Rule 39, N.D.R.App.P.

Judgment affirmed.

VANDE WALLE, C.J., and NEUMANN, SANDSTROM and MESCHKE, JJ., concur.

MESCHKE, Justice, concurring.

"Encumbrance," in this context, is ambiguous. Although not cited to us by the parties, NDCC 47–10–17 defines "encumbrance" for the title on "Property," and for the chapter on "Real Property Transfers":

> The term "encumbrances" includes taxes, assessments, and all liens upon real property.

Since a money judgment "is a lien on all the real property, except the homestead, of every person against whom the judgment is rendered," NDCC 28–20–13, this statutory definition of "encumbrance" could be applied in this case. One rule of statutory interpretation may suggest that it should be applied:

> **Word defined by statute always has same meaning.** Whenever the meaning of a word or phrase is defined in any statute, such definition is applicable to the same word or phrase wherever it occurs in the same or subsequent statutes, except when a contrary intention plainly appears.

NDCC 1–01–09. Still, I believe the main opinion correctly concludes that a contrary

legislative intent plainly appears in this context. With this footnote, I join in the opinion for the court by Justice Maring.